J. M. MULFORD v. W. J. SUTTON.

*Taxes and Taxation.*

An action to recover back an amount of taxes paid under protest, will not lie against a sheriff who collected the same by virtue of a list delivered to him by the register of deeds under the revenue act of 1876-'77, ch. 156 § 12, schedule B. Such list has the force and effect of a judgment and execution.

(*Huggins* v. *Hinson*, Phil. 126, cited and approved.)

APPEAL from a Justice's Court, heard at Chambers on the 27th of October, 1877, in Wilmington, before *Moore, J.*

This was an action by the plaintiff to recover the amount of a certain tax paid under protest to the defendant, sheriff of Bladen county, and the following are the facts agreed upon: The plaintiff is a retail liquor dealer, having been regularly licensed as such by the proper authorities in said county. He bought liquors between the first of January, 1877, and the 10th of March following (the date of ratification of the revenue act) to the amount of $106.80; and between said last mentioned date and the first of July following, he bought liquor to the amount of $246.57. These purchases were made of wholesale liquor dealers in this State, who had paid the tax required of them as such, upon the liquor sold to plaintiff. The plaintiff listed his purchases before the register of deeds in pursuance of the revenue act of 1876-'77, the register of deeds delivered said list to the defendant sheriff, who collected the amount assessed against the plaintiff upon the whole of said purchases, he paying under protest, and insisting that he was not liable, because the tax had been paid by said wholesale dealers; and that if liable at all, it was only on the amount of purchases made since the ratification of said act. Upon these facts, the Justice gave judgment in favor of the plain-

tiff for the sum of $10.60 paid the sheriff on the purchases made before March 10th, 1877 ; but the plaintiff demanding judgment for the whole amount paid as aforesaid, appealed from the ruling of the Justice to the Judge of the district who affirmed the judgment, and the plaintiff appealed to this Court.

Mr. *N. A. Steadman,* for plaintiff.

*Attorney General,* for the State, and *Mr. C. C. Lyon,* for the county of Bladen.

FAIRCLOTH, J. There have been numerous discussions and decisions in regard to the right of a tax payer to have the collection of taxes restrained, on the ground that the law authorizing it is illegal, or that the assessments have been illegally or fraudulently made, and the like reasons. In such cases when public policy does not forbid it, and the reasons are manifest and clear, a Court of Equity does often interfere and stop the collection. It became well settled, however, that not even a preliminary injunction to stay the collection of taxes would be granted, until it is made to appear that all the taxes conceded to be due, or which the Court could see ought to be paid, have been paid or tendered without demanding a receipt in full. *State Rail Road Tax Cases,* 92 U. S., 575, 617.

It will be observed that the case before us does not belong to the foregoing class of cases. Here, the tax has been paid to the proper collecting officer, and the plaintiff has instituted this action against him to recover back such money as he supposes has been illegally collected.

Under the provisions of the act of 1876-'77, ch. 156, the plaintiff listed his purchases under oath before the register of deeds, who furnished the sheriff, defendant, with said list. The sheriff is required by said act (§ 12,) " to collect

from every person on the list furnished him by the register of deeds, the taxes embraced therein."

The plaintiff paid said taxes under protest, and now seeks to recover them from the sheriff, "as money had and received." The principle which governs this case was first established in this State in the case of *Huggins* v. *Hinson*, Phil. 126. The distinction then made was between taxes collected by virtue of a tax list, and those collected without it. It was held that in the former case no action could be maintained against the sheriff for tax money paid under protest, whether the taxes had been legally or illegally assessed and collected; whereas in the latter case such action could be maintained against the collecting officer. This was giving to the tax list the force and effect of an execution in the hands of the sheriff. It became his warrant which he could not disobey, and he was compelled to settle with the State and county treasurer the amount called for in the list, copies of which were filed in those offices.

Since that decision our several revenue acts have expressly provided that such tax list endorsed by the clerk shall have the force and effect of a judgment and execution against the property of the person charged in such list. § 22. We think the mode *now* prescribed for making up the list is in its effect, as to the defendant, the same as then. Some of the inconveniences of a different rule are noticed in the case above cited, and others will readily occur to any one. The broad door for collusion and delay would stand wide open, and the public service might and probably would be seriously imperiled.

Taxes paid under protest and not collected by virtue of such list, may be recovered back from the sheriff if improperly collected, because he has no authority for collecting any more than is due. He proceeds upon his own under-

standing of the law, with notice of the protest, and must look to the consequences.

The revenue act provides the modes of relief for the tax payer, in case of mistake or wrong, both before and after the list has been made out and delivered to the sheriff. The plaintiff's relief is through those provisions, and not by this action.

We do not consider the other question discussed here, for the reason that a decision thereon could not benefit the plaintiff nor any one else in this form of proceeding. There is error. The defendant will have judgment in this Court for his cost.

Error.

PER CURIAM.                          Judgment reversed.