THE CITY OF WILMINGTON v. JAMES SPRUNT & SON.

*Garnishment — City Taxes — Authority of Collector — Constitutional Law — Exemptions — Earnings of Laborers.*

1. Where a city charter provides that the Tax-collector shall have all the powers vested by law in Sheriffs or Tax-collectors for the collection of taxes due the State, such City Tax-collector has the right to collect by garnisheeing any one indebted to a delinquent tax-payer where no tangible property can be found belonging to the latter sufficient to satisfy the taxes.

2. The grant of the same authority to a City Tax-collector as is possessed by a Sheriff in collecting taxes provides for a continual conformity as the general law is from time to time modified; therefore, where a city charter adopted in 1877 gave to its Tax-collector the same powers as to the collection of taxes as Sheriffs had, and the power of the Sheriff to collect by garnishment at that time only extended to poll-taxes but was, by chapter 137, Acts of 1887, enlarged so as to extend to all taxes, the authority of the City Tax-collector was likewise increased.

3. A delinquent tax-payer is not deprived by garnishment proceedings "of due process of law" where he has had legal notice by listing his taxes and an opportunity to have the amount, if erroneous, or the valuation, if excessive, reduced.

4. An objection, if it were tenable, that a delinquent tax-payer (whose wages in the hands of his employer had been attached in garnishment proceedings) had not had his "day in court" could only be raised by the tax-payer himself and not by the garnishee.

5. A tax-list in the hands of the officer to whom it has been delivered for the collection of taxes has the force of a judgment and execution.

6. There is no exemption of any property whatever from the payment of taxes.

7. The exemption of earnings for sixty days allowed to a judgment debtor under section 493 of *The Code* applies only as to proceedings on judgments for private debts and not to taxes.

8. It is in the discretion of the Court whether notice of proceedings for the examination of persons indebted to a judgment debtor shall be given to the debtor.

This was an ACTION begun before a Justice and carried by appeal to the Superior Court of NEW HANOVER County and heard at January Term, 1894, before *Brown, J.* A jury was waived and the action was heard by his Honor, who, upon the evidence submitted, found the following facts:

That Reilly Burnett is a tax-payer of the city of Wilmington and owes poll-tax to said city for the year 1893 in the sum of $2.25; that the defendants are indebted to said Burnett in the sum of $14 money due before the end of the calendar year 1893 for wages as a laborer; that the Tax-collector of said city can find no other property of said Burnett's sufficient to pay said tax; that Owen Fennell, the Tax-collector of said city, served upon the said James Sprunt and W. H. Sprunt the attachment found in the record, to attach any debt due, or that might become due, before the end of the calendar year 1893, by them to said Burnett.

After arguments by counsel the Court gave judgment for the plaintiff, and defendants appealed.

*Messrs. Geo. Rountree* and *P. B. Manning,* for plaintiff.
*Messrs. Junius Davis* and *E. S. Martin,* for defendants (appellants).

CLARK, J.. The charter of Wilmington (Acts 1876–'77, chapter 192) provides (section 9): "The officer charged with the duty of collecting taxes shall have all the powers vested by law in Sheriffs or Tax-collectors for the collection of taxes due the State. The Sheriff has the power to collect taxes due the State and county by garnisheeing any one indebted to the delinquent tax-payer when no tangible property of the latter can be found sufficient to satisfy said taxes." Acts 1893, ch. 296, sec. 1. Therefore the collector of city taxes has the same power. *Quod erat demonstrandum.*

The defendants contend that when the city charter was

granted in 1876–'77 the Sheriffs had the power to garnishee debts due to the delinquent only for non-payment of poll-taxes. This was extended by Acts 1887, ch. 137, sec. 1, to give the Sheriff the right of garnishment for all taxes. This provision has been continued in all the Revenue Acts since. The grant of the same authority to the City Tax-collector as is possessed by the Sheriff in collecting taxes provides for a continual conformity as the general law is from time to time modified. As was said by SMITH, C. J., in construing an exactly similar provision, "The required conformity of procedure on the part of the town officer to that prescribed for the Sheriff was a continual conformity, allowing any statutory changes made as far as practicable. The mandate is to the officer to pursue the course prescribed for the Sheriff in his office of collector, not only as the law then was, but as it might be amended thereafter." *Hill* v. *Nicholson*, 92 N. C., 24, 28. And this seems to be the uniform rule. 2 Dillon Mun. Corp., sec. 772, and notes; 1 Desty Tax., 475, 476; *Am. Co.* v. *Buffalo*, 20 N. Y., 388.

Nor can it be said that the tax-payer is deprived by the garnishment of "due process of law." He is fixed with legal notice by listing his taxes; he has had opportunity to have the amount, if erroneous, or the valuation, if excessive, reduced. He has had his "day in court." The tax-list in the hands of the officer is a judgment and execution. Acts 1893, ch. 296, sec. 30; *Guilford Co.* v. *Ga. Company*, 112 N. C., 37. Besides, this objection could only have been raised by the delinquent tax-payer for himself by proper proceedings and not by the defendant, who has been duly served with notice as provided by law. There is no exemption of any property whatever from the payment of taxes. Const., Art. 10, sec. 1; *Tucker* v. *Tucker*, 108 N. C., 235. The exemptions allowed to the judgment debtor by *The*

*Code,* §493, apply only as to proceedings on judgments for private debts and not to taxes.   Even in those cases whether notice shall be given the judgment debtor rests "in the discretion" of the Court.   *The Code,* §490.          No Error.