DAVIE & WHITTLE v. W. N. BLACKBURN et al.

*Tax Lists—Attachment by Creditors of Sheriff.*

1. While a tax imposed is a *debt* and the tax list is an *execution,* when delivered to the sheriff, against every person named thereon, for the amount of his tax, yet the debt does not arise out of contract and is not liable to the incidents of contracts between individuals, nor does the tax list have the force and effect of a judgment and execution, except between the sheriff and the tax-payer.

2. Though a sheriff, who has settled for the taxes due on a tax list which have not been paid to him, may collect the same within the time allowed by law, yet the debts thus due him cannot be attached by a creditor to whom he is indebted, under the provisions of Section 357 of *The Code* authorizing attachments to be levied upon "all the property of the defendant," there being no statutory provision enabling the creditor to make any use of the tax book, and it being against public policy to permit proceedings out of which confusing and dangerous litigation might grow.

MOTION to dissolve a warrant of attachment, heard before *Bryan, J., at Chambers,* in Winston, N. C., pursuant to an order to show cause, &c., made at Spring Term, 1895, of STOKES Superior Court.

The motion was allowed and plaintiff appealed.

The facts appear in the opinion of Associate Justice MONTGOMERY.

*Mr. A. M. Stack,* for plaintiffs (appellants).

*Messrs. Watson & Buxton, Walter W. King* and *Glenn & Manly,* for defendants.

MONTGOMERY, J.:   In this action a warrant of attachment was issued and levied upon the tax books for 1891 and 1892 in the hands of the defendant Wall who was Sheriff of Stokes county when the lists were delivered to him for collection by the county commissioners.   On a motion to dissolve, heard before *Judge Bryan,* the attachment was discharged and the plaintiff excepted on the grounds, "1. For that his Honor erred in holding that the tax books are not subject to attachment in this action ; 2. His Honor erred in ordering the tax books and all the monies collected by sheriff J. H. Fulton under said tax lists, to be delivered to the defendant J. C. Wall ; 3. For that said order is contrary to the Act of 1895, Ch. 93, and is void."   It is contended by the plaintiffs and alleged in their affidavits that there is nothing due to the State or county on the tax books, the sheriff having settled all his taxes for those years.   This may be taken to be true and yet it is an immaterial fact from the standpoint from which the matter will be considered by us.

His Honor ruled that in no case is a tax book in the hands of a sheriff for collection liable to be seized by a creditor of a person who is sheriff, under attachment pro-

ceedings. The other exceptions were abandoned here, and the only question before us then is, was his Honor's ruling correct? The plaintiffs contend that as nothing is due to the State or county by the sheriff, he having settled all his taxes, and there being a large amount due on the books to the sheriff by the tax payers of the county, the amounts so due are debts and even judgments against the tax payers, and are, therefore, such property as may be levied upon by attachment under Section 357 of *The Code* which authorizes attachments to be levied upon *all the property* of the defendant. It is true this Court has decided that when a tax is imposed the tax payer becomes a debtor, and what he owes is a debt in the higher sense of that word as embracing any kind of a just demand. *State* v. *Georgia Co.*, 112 N. C., 34. But such a debt does not arise out of contract, and is not liable to the incidents of simple contract between individuals. It is also true that this Court has held that the "tax list is a judgment against every person for the amount of the tax, and a copy delivered to the sheriff is an execution." *Huggins* v. *Hinson*, Phillips, 126, cited and approved in *Mulford* v. *Sutton*, 79 N. C., 276. But these tax lists can only have the force and effect of judgment and execution between the sheriff authorized to collect the taxes and the tax payer. And there can be no doubt that, after the sheriff has settled his taxes with the proper authorities with his own money in part or in whole, if such a thing should happen, the amounts due on the lists belong to him, and are collectible by him within the time allowed by law just as if he had not paid the taxes; and if that time has expired, it can be extended by legislative authority. *Jones* v. *Arrington*, 91 N. C., 125. We are of the opinion, however, that it is not in contemplation of our laws that a creditor whose debtor happens to be sheriff can be invested by judicial proceedings with the powers which

117—25

POWELL *v.* WALL.

the sheriff has to collect the taxes and apply the collections to his debt. The creditor can have no such remedies as are given by law to the sheriff, and we have no statutory provision which will enable such a creditor to make any use whatever of a tax book if he could seize it by attachment or other court proceedings. In addition, it would not be safe public policy to permit such proceedings, for almost certainly there would result therefrom much litigation dangerous to the public interests as well as to those of the sureties on the official bond of the sheriff. Seizures of the tax books might and probably would be made on affidavits containing ·unreliable or inaccurate information, especially as to whether the sheriff has paid all of his taxes, as in this case, and before the mischief could be corrected great harm might be inflicted on the public interests, the collection of revenue delayed if not defeated, and the county and State put to expense and trouble in the litigation.

There is no error in the ruling of his Honor vacating the attachment and ordering J. H. Fulton, who has charge of the tax books, to return them and also the moneys collected on them to the defendant W.all.

                                                        No Error.