STATE EX REL. MORGANTON GRADED SCHOOL ET AL. V.
C. MANLY McDOWELL.

(Filed 13 December, 1911.)

1. Sheriffs—Collection of Taxes—Balance Due—Counterclaim.

In an action to recover from a sheriff a balance of taxes collected by him and due, a counterclaim or debt of any kind, however valid, cannot be sustained.

2. Same—Mandamus—Procedure.

A graded school and county commissioners sued the sheriff for taxes collected which should have been paid the school, and the defendant set up a counterclaim that for certain previous years the county commissioners had wrongfully appointed another to collect these taxes, and that the commissions thus due him should be deducted from plaintiff's claim: *Held*, (1) the sheriff's remedy was by mandamus against the county commissioners at the time alleged, to have the tax books placed in his hands by the county commissioners, and an injunction to prevent the payment of the commissions to the collector alleged wrongfully to have been appointed, until his right had been decided; (2) or by suit against the collector alleged to have been wrongfully appointed, for the commissions paid to him.

3. Sheriffs—Commissions on Taxes—Speedy Trial—Procedure.

The right to a speedy trial by a sheriff suing for commissions on taxes collected by one wrongfully appointed by the board of county commissioners is secured under Revisal, 833; and his interests are protected by the undertaking required by Revisal, 835.

4. Same—Trusts and Trustees—Bar to Action.

The taxpayers are not required to pay commissions twice for the collection of taxes because the wrong party discharges the duties of collector, the remedy of the one wrongfully deprived being against the intruder who has thus deprived him of his commissions, in an action for money had and received to his use (Revisal, 844), and his failure to do so in his action to recover the office is a bar to an independent action therefor.

5. County Commissioners—Sheriff's Commissions—Official Capacity —Counterclaim—Cross-actions—New Matter.

A sheriff in his answer to an action by a graded school and the county commissioners for balance of taxes collected by him, due and not paid over, may not set up a counterclaim for commissions on taxes for previous years collected by one wrongfully

appointed for the purpose by the county commissioners, for this is a cross-action against the plaintiffs for their alleged wrongful act as county commissioners in their official capacity, which he could not maintain if brought directly.·

APPEAL from *Long, J.,* at October Term, 1911, of BURKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*S. J. Ervin for plaintiff.*
*Avery & Avery for defendant.*

CLARK, C. J.  This was an action against defendant, the former sheriff of Burke, upon his official bond to recover a balance due for taxes collected by him for the Morganton graded school for 1905 and 1906 under Laws 1903, ch. 455. The defendant set up as a counterclaim that he was illegally and wrongfully deprived by the board of county commissioners of the right to collect taxes for said graded school for the years of 1903 and 1904, the county commissioners having appointed John B. Holloway and F. C. Berry to collect the taxes for the said graded school for said years 1903 and 1904, and had allowed them the commission for collecting the same, amounting to. $295, which sum he asked that he be allowed "as a set-off and counterclaim" on the taxes due by him for the years 1905 and 1906.

Such counterclaim cannot be sustained, for three reasons:

1. As against the balance due by the defendant as sheriff for taxes in his hands collected for the years 1905 and 1906, no counterclaim or debt of any kind, however valid, can be sustained.  This has been so fully discussed that it is only necessary to cite a few of the cases: *Wilmington v. Bryan,* 141 N. C., 679; *Guilford v. Georgia Co.,* 112 N. C., 37; *Gatling v. Commissioners,* 92 N. C., 536; *Cobb v. Elizabeth City,* 75 N. C., 1; *Battle v. Thompson,* 65 N. C., 406.  In *Wilmington v. Bryan,* 141 N. C., 675, *Brown, J.,* says: "No counterclaim is valid against a demand for taxes," citing *Gatling v. Commissioners, supra.*  In same case *Walker, J.,* in his dissenting opinion (as to other points), concurs as to this proposition, and says: "Neither a taxpayer nor a sheriff can plead a set-off in a suit

against him for taxes due and owing. . . . This is so upon the ground of public policy. To permit a taxpayer or an officer charged with the collection of taxes to set up an opposing claim against the State or the city might seriously embarrass the Government in its financial operations by delaying the collection of taxes to pay current expenses," citing the cases above quoted.

2. The defendant is not entitled to be allowed the counter-claim for the further reason that if he was wrongfully deprived of the right to collect the graded-school taxes for 1903-4, it was his duty to have taken proper proceedings for a mandamus to have the tax list placed in his hands by the county commissioners and have asked for an injunction to prevent the payment of commissions thereon to Holloway and Berry until his right to the same had been decided. If he did not choose this remedy, his recourse was to sue Holloway and Berry for the commissions which he alleges has been wrongfully paid to them. Revisal, 833, expedites the trial of actions of this nature by giving them precedence over all other actions, civil and criminal, and by requiring trial at the return term of the summons if thirty days off, and Revisal, 835, requires the defendant before answering or demurring to file an undertaking in an amount to be fixed by the judge, not less than $200, to secure the fees and emoluments if the plaintiff shall recover the office.

In this case the defendant sheriff did not bring such action, but asserts his right to the fees for duty which was performed not by himself, but by Holloway and Berry, without legal objection by him, and this after having slept on his rights for four years. The taxpayers are never required to pay two salaries, or two sets of commissions, because the wrong party discharges the duties of an office. Any other rule would be open to grave abuse and has never been recognized in a single instance in this State. Indeed, Revisal, 844, provides that the claimant of an office should recover compensation in damages for the loss of the fees and emoluments of the office from the intruder who had received the same, in an action for money had and received to the relator's use (*McCall v. Webb,* 135 N. C., 361), and his failure to do so in the action to recover the office is a bar to an independent action.

3. The defendant in setting up this "new matter and by way of counterclaim," as he says in his answer, is in effect bringing a cross-action against the plaintiffs for their wrongful act, as county commissioners in their official capacity, which he could not maintain if brought directly, and therefore he cannot bring it by way of counterclaim. *Hull v. Roxboro,* 142 N. C., 455; *Fisher v. New Bern,* 140 N. C., 510; *Barger v. Hickory,* 130 N. C., 550; *Jones v. Commissioners, ib.,* 451; *Pritchard v. Commissioners,* 126 N. C., 912; *Moffitt v. Asheville,* 103 N. C., 237; *Hannon v. Grizzard,* 99 N. C., 161; *Manuel v. Commissioners,* 98 N. C., 9; *White v. Commissioners,* 90 N. C., 439.

If, as was pointed out by *Pearson, C. J.,* in *Battle v. Thompson,* 65 N. C., 406 (quoted by *Walker, J.,* in *Wilmington v. Bryan,* 141 N. C., 680), the defendant had actually collected the taxes for the graded school for 1903-4, and was being sued for the balance of the uncollected taxes for those years, it may be that his claim for such commissions might "be allowed in diminution of the amount to be recovered . . . but it would be on the ground that the claim was in the nature of a payment or a credit, to which the defendant is entitled, and the demand of the State is in fact only for the balance." But here this is a counterclaim, and is properly so styled in the defendant's answer, for it is not a claim for commissions on the taxes collected by the defendant for the years 1905 and 1906, nor indeed is it a claim for services actually rendered, but is for commissions which he claims the county owes him constructively because the county commissioners wrongfully placed the collection of the tax list for the graded schools for the years 1903-4 in the hands of another.

The court below erred in overruling the exceptions of the plaintiffs for the allowance of said $295 in reduction of the balance due by the defendant, and the judgment must be reformed accordingly. This renders it unnecessary to consider the plaintiffs' exceptions for overruling the plea of the statute of limitations and the other exceptions made by them.

Reversed.