TOWN OF APEX, A MUNICIPAL CORPORATION, V. A. J. TEMPLETON AND
WIFE, ROBERTA O. TEMPLETON; J. M. TEMPLETON, JR., UNMAR-
RIED; A. J. MAXWELL, COMMISSIONER OF REVENUE; WM. T. JOYNER,
ADMINISTRATOR OF LEWIS M. CONNOR; SAM RUFFIN; N. F. TURNER;
GURNEY P. HOOD, COMMISSIONER OF BANKS; CALE K. BURGESS,
TRUSTEE N. C. AGRICULTURAL CORPORATION; W. A. LUCAS,
TRUSTEE CARALEIGH PHOSPHATE CORPORATION; GEO. U. BAU-
COM, TRUSTEE, AND J. MILTON MANGUM, TRUSTEE.

(Filed 24 November, 1943.)

1. Pleadings §§ 10, 29—

In a suit by a town against defendants to foreclose a tax lien under
C. S., 7990, where defendants set up defense by answer and also a counter-
claim, motion to strike the counterclaim and order thereon was proper,
but the other defenses were unaffected thereby.

2. Taxation § 40c—

In actions to foreclose liens for delinquent taxes or special assessments,
the judgment obtained constitutes a lien *in rem* and the owner of the
property is not personally liable for the payment thereof.

APPEAL by defendants A. J. Templeton and J. M. Templeton, Jr.,
from *Williams, J.,* at June Term, 1943, of WAKE.

Civil action instituted 11 August, 1941, by plaintiff under the pro-
visions of Section 7990 of the Consolidated Statutes of North Carolina,
to foreclose a tax lien on certain lands situate in the Town of Apex, and
listed in the name of A. J. Templeton and J. M. Templeton, Jr.

The defendants A. J. Templeton and J. M. Templeton, Jr., filed
answer and denied that taxes were due as alleged in the complaint, and
.further set up a counterclaim, based on alleged damages sustained by
the defendants by reason of the location of certain water and sewer
lines by the plaintiff on the premises of the defendants, and plead such
counterclaim against any taxes that might be determined to be due.

At the November Term, 1942, of the Superior Court of Wake County,
his Honor, Thompson, J., presiding, the plaintiff through its attorney
moved to strike the answer of the defendants, upon the ground that said
answer set up only the defense of a counterclaim. The court found
as a fact that the suit was for the collection of taxes and no counter-
claim should be allowed; and entered an order "that the answer of the
defendants, setting up a counterclaim, be and the same is stricken from
the record of the court."

Thereafter, the clerk of the Superior Court of Wake County signed
a judgment and order of sale.

At the June Term, 1943, of Wake Superior Court, the plaintiff
moved to set aside the judgment and order of sale, on the ground that

the Superior Court having taken jurisdiction, the clerk of the Superior Court was without jurisdiction to sign a judgment, and further moved for a judgment upon the complaint. The motion was granted and judgment was signed based on the allegations of the complaint.

Defendants A. J. Templeton and J. M. Templeton, Jr., appeal and assign errors.

*P. H. Wilson for plaintiff.*

*A. J. Templeton and J. M. Templeton for defendants.*

DENNY, J. The appealing defendants except and assign as error the refusal of his Honor to submit to the jury the issues of fact arising on the pleadings. His Honor was apparently under the impression that the order entered by Judge Thompson struck out the entire answer or that the answer interposed no defense other than the counterclaim, which was properly stricken out. *Commissioners v. Hall,* 177 N. C., 490, 99 S. E., 372; *Graded School v. McDowell,* 157 N. C., 316, 72 S. E., 1083; *Galling v. Commissioners of Carteret,* 92 N. C., 536. We think the order entered by Judge Thompson had the effect only of striking the counterclaim from the answer, and that the other defenses were unaffected thereby. The issues raised by the pleadings should have been submitted to the jury. *Burton v. Rosemary Mfg. Co.,* 132 N. C., 17, 43 S. E., 480.

There is another exception on the record worthy of consideration, which challenges the judgment, in that it was rendered against the appealing defendants personally.

Section 1719, ch. 310, Public Laws of 1939, N. C. Code of 1939 (Michie), section 7971 (228), which provides for the foreclosure of tax liens, reads, in part, as follows: "(d) The foreclosure action shall be an action in superior court, in the county in which the land is situated, in the nature of an action to foreclose a mortgage. .

"(m) Any judgment in favor of the plaintiff or any defendant taxing unit in an action brought under this section shall order the sale of the property, or so much thereof as may be necessary for the satisfaction of: (1) taxes adjudged to be liens in favor of the plaintiff, other than taxes the amount of which has not been definitely determined, together with interest, penalties and costs thereon; and (2) taxes adjudged to be liens in favor of other taxing units, . . ."

A tax list in the hands of a tax collector is equivalent to an execution and the tax collector, in lieu of selling real estate for the collection of taxes due thereon, may seize personal property belonging to the taxpayer and sell same or so much thereof as may be necessary for the satisfaction of all taxes due by the taxpayer. Sec. 1713, ch. 310, Public

Laws 1939, N. C. Code of 1939 (Michie), sec. 7971 (222); *Charlotte v. Kavanaugh,* 221 N. C., 259, 20 S. E. (2d.), 97; *Cherokee County v. McClelland,* 179 N. C., 127, 101 S. E., 492; *Peebles v. Taylor,* 121 N. C., 38, 27 S. E., 999; *Davie v. Blackburn,* 117 N. C., 383, 23 S. E., 321; *Wilmington v. Sprunt,* 114 N. C., 310, 19 S. E., 348. But in an action to foreclose a lien for delinquent taxes or special assessments, the judgment obtained in said action constitutes a lien *in rem* and the owner of the property is not personally liable for the payment thereof. C. S. 7990; *Wilkinson v. Boomer,* 217 N. C., 217, 7 S. E. (2d.), 491; *Wadesboro v. Coxe,* 215 N. C., 708, 2 S. E. (2d), 876; *Orange County v. Jenkins,* 200 N. C., 202, 156 S. E., 774; *Pate v. Banks,* 178 N. C., 139, 100 S. E., 251; *Drainage District v. Huffstetler,* 173 N. C., 523, 92 S. E., 368; 61 C. J., Taxation, sec. 1552, p. 1143. It is therefore erroneous to render a personal judgment against the owner or owners of land in an action to foreclose a lien for delinquent taxes.

The remaining exceptions are without merit.

To the end that the issues of fact arising on the pleadings may be submitted to a jury, the defendants are granted a

New trial.