ONSLOW COUNTY, Plaintiff, v. GUY J. PHILLIPS, and wife, LYNDA A. PHILLIPS, and
any heirs, assigns or devisees of GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS,
or any other person or entity claiming thereunder Defendants & BETTY M.
RUSSELL, ALEX WARLICK, JR., Trustee, NCNB NATIONAL BANK OF NORTH
CAROLINA now NATIONSBANK, MARSHALL F. DOTSON, JR., Trustee,
Lienholders

ONSLOW COUNTY, Plaintiff v. GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS, and
any heirs, assigns or devisees of GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS,
or any other person or entity claiming thereunder Defendants

ONSLOW COUNTY, Plaintiff v. GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS, and
any heirs, assigns or devisees of GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS,
or any other person or entity claiming thereunder Defendants & NCNB
NATIONAL BANK OF NORTH CAROLINA now NATIONSBANK, MARSHALL F.
DOTSON, JR., Trustee, Lienholders

ONSLOW COUNTY, Plaintiff v. GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS, and
any heirs, assigns or devisees of GUY J. PHILLIPS and wife, LYNDA A. PHILLIPS,
or any other person or entity claiming thereunder Defendants

No. COA95-390

(Filed 6 August 1996)

1. **Intentional Infliction of Mental Distress § 2 (NCI4th)—
intentional and negligent infliction of emotional distress—
insufficiency of allegations**

The trial court should have granted summary judgment
against defendants on their claims for intentional and negligent
infliction of emotional distress where defendants did not allege
facts showing that the alleged distress was severe, and there was
no record evidence of severe emotional distress.

**Am Jur 2d, Fright, Shock, and Mental Disturbance
§§ 4-7, 17.**

2. **Constitutional Law § 107 (NCI4th)— deprivation of due
process—claim adequately stated**

Defendants adequately stated a claim under 42 U.S.C. § 1983
for deprivation of due process of law where they alleged that
plaintiff county's action in adding attorney's fees to tax liens was
a "practice" and a "scheme," and they also alleged that plaintiff, by
this practice, violated their due process rights by arbitrarily
adding the attorney's fees to the tax lien without proper notice
and hearing or opportunity to avoid the penalty.

**Am Jur 2d, Constitutional Law §§ 827 et seq.**

**3. Constitutional Law § 107 (NCI4th)— claim for violation of due process rights—no summary judgment**

Plaintiff was not entitled to summary judgment on defendants' claim for violation of their due process rights where the record evidence raised a genuine and material issue as to whether defendants were given proper notice that plaintiff had assessed $1,600 in attorney's fees without affording defendants an opportunity to be heard and an issue as to whether plaintiff properly followed the statutory procedure for collection of taxes and attorney's fees.

**Am Jur 2d, Constitutional Law §§ 827 et seq.**

**4. Taxation § 183 (NCI4th)— refusal to release tax lien until attorney's fees paid—assessment of attorney's fees error**

There as no merit to plaintiff county's assertion that it acted properly under N.C.G.S. § 105-362(a), -374(e), and -374(i) when it refused to release the tax lien against defendants' property until the attorney's fees were paid, since those statutes did not specifically include attorney's fees as costs which could be added to a tax lien, and the attorney's fee awarded in a foreclosure action should be determined by the court, not the taxing unit or the contracting attorney.

**Am Jur 2d, State and Local Taxation § 859.**

**5. Taxation § 219 (NCI4th)— foreclosure for failure to pay taxes—counterclaim not barred**

Defendant landowners were not required to comply with N.C.G.S. § 105-381, requiring payment of a tax, as a prerequisite to filing their counterclaim, since defendants attempted to tender the taxes due as stated in the foreclosure complaint; the attorney's fees claimed by plaintiff county were not listed in the foreclosure complaint as taxes and were not costs allowed by law; defendants did not initiate this suit but instead counterclaimed in response to the foreclosure suit by plaintiff; and the statute should not be applied to preclude a counterclaim in a foreclosure proceeding.

**Am Jur 2d, State and Local Taxation §§ 1115 et seq.**

Judge WALKER concurring in part and dissenting in part.

Appeal by plaintiff from order entered 9 February 1995 by Judge George L. Wainwright in Onslow County Superior Court. Heard in the Court of Appeals 24 January 1996.

*Roger A. Moore, for plaintiff-appellant.*

*Jeffrey S. Miller, for defendants-appellees.*

LEWIS, Judge.

On 18 September 1992, plaintiff County of Onslow filed the first of these tax foreclosure actions for late taxes due on four parcels of land owned by defendants. The total amount (principal and interest) due on all four parcels, as stated in the complaints, was $1,298.88. Plaintiff subsequently served all defendants. The Phillips claim that, shortly thereafter, they attempted to pay the taxes but that plaintiff refused to accept their tender unless attorney's fees of $1600 ($400 per parcel) plus costs were paid to plaintiff's attorney. Defendants answered, filed a counterclaim, and demanded a jury trial. Plaintiff replied and moved to strike defendants' demand for jury trial. Plaintiff then moved for summary judgment on defendants' counterclaim. By order entered 9 February 1995, Judge George L. Wainwright denied plaintiff's motion for summary judgment and denied its motion to strike defendants' demand for jury trial. Plaintiff appeals. On 15 June 1995, plaintiff filed a petition for writ of certiorari seeking review of the order as to issues for which there is no appeal of right.

We first note that plaintiff seeks to appeal an interlocutory order. Ordinarily, an order denying summary judgment is not immediately appealable, unless, as here, the basis for the motion is governmental immunity. *Taylor v. Ashburn*, 112 N.C. App. 604, 606, 436 S.E.2d 276, 278 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). In addition to reviewing the immunity issue, for purposes of judicial economy, we grant plaintiff's petition for certiorari to address certain other issues raised in this appeal under N.C.R. App. P. 21(a)(1) (1996).

In assignment of error number one, plaintiff asserts that the doctrine of sovereign immunity bars defendants' counterclaim.

[1] In order to assess this issue, we must first examine the allegations made in the counterclaim. Defendants allege that plaintiff has contracted away its power of taxation by adding attorney's fees set by a private attorney, by requiring direct payment of the taxes and fees due to a private attorney, and by making the unpaid attorney's fees part of the tax lien. Defendants further allege that they tendered the taxes due, less the attorney's fees and costs, but that plaintiff refused to accept the payment. Defendants also allege, *inter alia*, that plaintiff's actions in refusing to accept their tender of taxes were "oppres-

sive, arbitrary, and overreaching" and have proximately caused them emotional distress and mental anguish. Plaintiff construes these allegations as an attempt to state claims for intentional and negligent infliction of emotional distress, and asserts, in assignments of error numbers 3 and 4, that defendants have not sufficiently alleged or offered facts supporting these claims.

The torts of intentional infliction of emotional distress and negligent infliction of emotional distress both require allegations, and ultimately, proof of facts showing that a complainant has suffered a " '*severe and disabling* emotional or mental condition' " of the type " 'which may be generally recognized and diagnosed by professionals trained to do so.' " *See Waddle v. Sparks,* 331 N.C. 73, 83, 414 S.E.2d 22, 27 (1992) (quoting *Johnson v. Ruark Obstetrics & Gynecology Assoc.,* 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)). Defendants have not alleged facts showing that the alleged distress was severe, nor is there any record evidence of severe emotional distress. The trial court should have granted summary judgment against defendants on their claims for intentional and negligent infliction of emotional distress.

**[2]** In their brief, defendants characterize their counterclaim as stating a claim under 42 U.S.C. § 1983 ("section 1983") for deprivation of due process of law. Defendants seek damages and declaratory and injunctive relief. They assert that governmental immunity is not a defense to a section 1983 constitutional claim.

A county, like other units of local government, has no immunity for liability under section 1983. *Owen v. City of Independence,* 445 U.S. 622, 638, 63 L. Ed. 2d 673, 685-86 (1980).

To state a claim, as here, under section 1983, facts must be alleged showing that the governmental entity acted pursuant to a policy or custom which was the moving force behind the deprivation of rights. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690-95, 56 L. Ed. 2d 611, 635-38 (1978). Defendants have satisfied this requirement by referring to plaintiff's action in adding attorney's fees to the tax lien as a "practice" and a "scheme." Defendants have also alleged that plaintiff, by this practice, has violated their due process rights by arbitrarily adding the attorney's fees to the tax lien without proper notice and hearing or opportunity to avoid the penalty. Since collection of this tax from a property owner is a deprivation of property, a taxing unit must provide due process of law. *McKesson v. Division of Alcoholic Beverages & Tobacco,* 496 U.S. 18,

36, 110 L. Ed. 2d 17, 35-36 (1990). We conclude that defendants have alleged sufficient facts to support a section 1983 claim.

[3] We further conclude that plaintiff county has not shown at summary judgment that it is entitled to judgment as a matter of law on this claim. See Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). The record evidence shows the following: The tax foreclosure complaints served on defendants stated a total of $1298.88 in taxes (principal and interest) due on the four parcels. According to his deposition, Mr. Phillips attempted to tender the taxes (principal and interest) due as stated in the tax foreclosure complaints plus any penalties owed. Mr. and Mrs. Phillips testified there was no notice that the attorney's fees of $1600 plus costs must be paid until they attempted to tender the taxes and after the foreclosure action had been filed. The $1600 was assessed by the attorney to cover his fees, and the attorney's office, not plaintiff, informed Mr. and Mrs. Phillips of the amount of attorney's fees due.

The record evidence raises a genuine and material issue as to whether the Phillips were given proper notice that plaintiff had assessed $1600 in attorney's fees. The record further shows that these fees were assessed without affording defendants an opportunity to be heard. The evidence also raises the issue of whether plaintiff properly followed the statutory procedure for collection of taxes and attorney's fees. Given this evidence, plaintiff is not entitled to summary judgment on defendants' section 1983 claim for violation of their due process rights.

We note that defendants' counterclaim also alleges violations of the North Carolina Constitution. Since neither party has briefed this issue, we leave it undisturbed.

In assignment of error number 5, plaintiff asserts that defendants may not proceed by counterclaim but are required to file a motion in the cause under N.C. Gen. Stat. section 105-374(i) (1995) for a determination of what constitutes a reasonable attorney's fee. We disagree. Plaintiff is the party seeking attorney's fees; if the burden is on any party to move for fees, it is on plaintiff, not defendants.

[4] In assignment of error number 6, plaintiff asserts that it acted properly under N.C. Gen. Stat. section 105-362(a) and N.C. Gen. Stat. sections 105-374(e) and 105-374(i) when it refused to release the tax lien against defendants' property until the attorney's fees were paid. We disagree. G.S. section 105-362(a) (1995) provides:

(a) General Rule.—The tax lien on real property shall continue until the principal amount of the taxes plus penalties, interest, and costs allowed by law have been fully paid.

G.S. section 105-374(e) (1995), provides, in pertinent part:

(e) Subsequent Taxes.—The complaint in a tax foreclosure action brought under this section by a taxing unit shall, in addition to alleging the tax lien on which the action is based, include a general allegation of subsequent taxes which are or may become a lien on the same real property in favor of the plaintiff unit. Thereafter it shall not be necessary to amend the complaint to incorporate the subsequent taxes by specific allegation. In case of redemption before confirmation of the foreclosure sale, the person redeeming shall be required to pay, before the foreclosure action is discontinued, at least all taxes on the real property which have at the time of discontinuance become due to the plaintiff unit, plus penalties, interest, and costs thereon.

G.S. section 105-362(a) and 105-374(e), relied upon by plaintiff, do not specifically include attorney's fees as "costs." G.S. section 105-362(a) permits "costs allowed by law" to be added to the lien. An example of "costs allowed by law" are those allowed pursuant to N.C. Gen. Stat. section 105-369(d) (1995) which provides that the reasonable costs of advertising a tax lien on real property are deemed part of the tax owed. There is no comparable provision in Article 26 for attorney's fees.

G.S. section 105-374(i) defines "costs," as used "in this subsection (i)," as including "one reasonable attorney's fee for the plaintiff in such amount *as the court shall, in its discretion, determine and allow.*" G.S. § 105-374(i) (emphasis added). Subsection (i) of this statute clearly contemplates that the attorney's fee in a foreclosure action is one awarded by the court in its discretion. It does not authorize a taxing unit to set the attorney's fee itself, and certainly there is no provision for a contracting attorney to set it. There is no provision for any person or entity automatically to make it part of the tax lien. Furthermore, G.S. section 105-374(i) specifically limits its definition of costs to that subsection. We conclude that these statutes do not entitle plaintiff to summary judgment on defendants' counterclaim.

[5] In assignment of error number 7, plaintiff asserts that defendants' counterclaim is barred by the anti-injunction provisions of N.C. Gen. Stat. section 105-267. The taxes sought by plaintiff against defendants' real property were imposed and these foreclosure actions were

brought pursuant to statutory provisions found in Subchapter II of Chapter 105 of the General Statutes. By its terms, G.S. section 105-267 applies only to a tax "imposed in this Subchapter," i.e., "Subchapter I. Levy of Taxes" under Chapter 105 of the General Statutes. It does not apply to matters dealt with in Subchapter II of Chapter 105. Accordingly, we hold that G.S. section 105-267 does not bar defendants from bringing this counterclaim.

However, there are comparable anti-injunction provisions applicable to taxes imposed under Subchapter II. As part of Subchapter II, these provisions, N.C. Gen. Stat. sections 105-379 (1995) and 105-381 (1995), do apply to the taxes imposed on defendants' property under Subchapter II. G.S. section 105-379 provides, in pertinent part:

> (a) Grounds for Injunction.—No court may enjoin the collection of any tax, the sale of any tax lien, or the sale of any property for nonpayment of any tax imposed under the authority of this Subchapter except upon a showing that the tax (or some part thereof) is illegal or levied for an illegal or unauthorized purpose.

In addition, G.S. section 105-381 provides that a taxpayer who seeks to defend against an illegal tax, a tax imposed for an illegal purpose, or a tax imposed through a clerical error may make a written demand to the governing body of the taxing unit stating his defense and requesting release of the tax claim. G.S. § 105-381(a)(2). This request may be made at any time prior to payment of the tax. *Id.* If within 90 days of the request the governing body has denied the request or has not taken action on the request, the taxpayer must pay the tax, and then, within three years of payment, may bring a civil action against the taxing unit for the amount claimed as provided in G.S. section 105-381(d). G.S. § 105-381(c)(1).

Payment of the tax, even an allegedly illegal tax, is a prerequisite for filing suit under this statute. However, here, there is evidence showing that defendants attempted to tender the taxes due as stated in the foreclosure complaint. The $1,600 attorney's fees claimed by plaintiff were not listed in the foreclosure complaint as taxes and were not "costs allowed by law" under G.S. section 105-362(a). Defendants were not required to pay the attorney's fees assessed by plaintiff as a prerequisite to filing suit under G.S. section 105-381. Furthermore, defendants did not initiate this lawsuit. They have counterclaimed in response to the foreclosure suit by plaintiff. G.S. section 105-381 provides a mechanism by which a taxpayer can sue a taxing unit and prevent foreclosure without impeding the collection

of tax revenue needed for governmental functions. It should not be applied to preclude a counterclaim in a foreclosure proceeding. We hold that defendants were not required to comply with G.S. section 105-381 as a prerequisite to filing their counterclaim.

We note that plaintiff has not asserted anywhere that a counterclaim cannot be filed in a tax foreclosure action brought under G.S. section 105-374. Since plaintiff has abandoned this issue on appeal, *see* N.C.R. App. P. 10 and 28 (1996), we permit defendants to proceed on their counterclaim. However, by so holding, we do not hold that counterclaims generally are proper in tax foreclosure actions brought under G.S. section 105-374. *See Apex v. Templeton*, 223 N.C. 645, 646, 27 S.E.2d 617 (1943) (upholding dismissal of counterclaim in tax foreclosure action under former version of statute); *see also Graded School v. McDowell*, 157 N.C. 316, 72 S.E. 1083 (1911); and *Commissioners v. Hall*, 177 N.C. 490, 99 S.E. 372 (1919).

In assignment of error number 8, plaintiff assigns error to the trial court's denial of its motion pursuant to N.C.R. Civ. P. 12(f) to strike defendants' demand for jury trial. Since defendants have stated a claim for deprivation of their constitutional rights under section 1983, they are entitled to a trial by jury on this claim. *See Perez-Serrano v. DeLeon-Velez*, 868 F.2d 30, 32-33 (1st Cir. 1989). The trial court did not err in denying plaintiff's motion to strike defendants' demand for trial by jury.

We further note that, in its initial and amended replies to this counterclaim, plaintiff has not specifically addressed the section 1983 allegations. This may be due in part to the manner in which defendants have stated their section 1983 allegations and their lack of specific reference to the statute. On remand, plaintiff shall be given opportunity to amend its reply, if it chooses, to answer the section 1983 allegations.

Affirmed in part, reversed in part, and remanded.

Chief Judge ARNOLD concurs.

Judge WALKER concurs in part and dissents in part.

Judge WALKER concurring in part and dissenting in part.

I concur with the majority that the plaintiff is entitled to summary judgment on defendants' claims for intentional and negligent infliction of emotional distress. However, I dissent from the portion of the

opinion which finds that plaintiff is not entitled to summary judgment on defendants' counterclaim for violation of their constitutional rights.

Summary judgment is properly granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). A movant may meet its burden by showing that (1) an essential element of the plaintiff's claim is nonexistent; or (2) based on discovery, the plaintiff cannot produce evidence to support an essential element of its claim; or (3) the plaintiff cannot surmount an affirmative defense which would bar the claim. *Watts v. Cumberland County Hosp. System*, 75 N.C. 1, 6, 330 S.E.2d 242, 247 (1985), *rev'd in part on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986). In the present case, the defendants have failed to allege any constitutional deprivation. I find no allegations in defendants' counterclaim that they have been deprived of their property. At most, defendants assert a possibility of future harm to their property if foreclosure occurs. Since defendants have not alleged any constitutional deprivation, it is unnecessary to reach the issue of immunity. Accordingly, I would hold that plaintiff is entitled to summary judgment on defendants' counterclaim in its entirety.

Although I would find that plaintiff is entitled to summary judgment on defendants' counterclaim, the defendants are not without a remedy in this case. The legislature has provided that "[t]he tax lien on real property shall continue until the principal amount of the taxes plus penalties, interest, and costs allowed by law have [sic] been fully paid." N.C. Gen. Stat. § 105-362(a) (1995). Further, the term "costs" is to be construed to include a reasonable attorney's fee. N.C. Gen. Stat. § 105-374(i) (1995). Defendants assert in their answer that the plaintiff should be required to accept their tender of payment of the taxes and interest due and that plaintiff's liens should be released without requiring payment of attorney's fees. The plaintiff is not authorized under N.C. Gen. Stat. § 105-374 to assess the $1,600.00 in attorney's fees as part of the taxes and the collection of those fees cannot be the basis of any foreclosure action. Upon defendants' denial that attorney's fees were owed, it was incumbent upon the trial court to determine under N.C. Gen. Stat. § 105.374 whether plaintiff was entitled to an award of attorney's fees. Thereafter, upon payment by plaintiffs of the taxes and any court-ordered attorney's fees, they were entitled to have the tax liens cancelled on the four parcels of land in question.