CITY OF WILMINGTON v. MATTIE MOORE AND ELIZA WILLIAMS.

(Filed 10 November, 1915.)

1. **Constitutional Law—Legislative Powers—Back Taxes.**

The General Assembly has power to enact legislation authorizing collection of back taxes, and to enforce collection by appropriate actions in courts.

2. **Statutes—Legislative Powers—Back Taxes—Levy and Sale—Direct Action —Interpretation of Statutes.**

Where the Legislature has authorized a municipality to collect back taxes, and in an action for that purpose it appears that the taxes of the defendant are due, were properly assessed against lots of land within the limits of the municipality subject to the lien therefor, it is not necessary that the plaintiff should first have resorted to the summary method of levy and sale, for recourse may be had directly by suit to foreclose the lien. Revisal, sec. 2866. *Berry v. Davis*, 158 N. C., 170, cited and distinguished.

APPEAL by plaintiff from *Justice, J.,* at the March Term, 1915, of NEW HANOVER.

Civil action to recover back taxes by foreclosing lien on realty subject thereto.

There was an act authorizing collection of the taxes, and plaintiff having developed its case so far as to show that the taxes for several back years were due and owing and that there was a piece of land available and subject to payment of same, defendant demurred *ore tenus,* insisting that the present suit could not be maintained before

resort was first had to summary method of collection by levy and sale provided for in Revisal, sec. 2887. The court, being of that opinion, sustained the demurrer, entered judgment dismissing the action, and plaintiff excepted and appealed.

*C. C. Bellamy and C. D. Hogue for plaintiff.*
*No counsel for defendant.*

HOKE, J., after stating the case: The power of the General Assembly to enact legislation authorizing collection of back taxes and the right of the State and municipalities representing it to enforce collection by appropriate action in the courts, is fully established in this State. *City of Wilmington v. Cronly,* 122 N. C., p. 383; *S. and Guilford Co. v. Ga. Co.,* 112 N. C., p. 34.

In the present case there was evidence tending to show that, under a special statute of the Legislature, passed for the purpose, the taxes were due and properly assessed; that same were imposed and that there was a lot of land within the city subject to a lien therefor. This being true, we see no reason why plaintiff should not be allowed to enforce collection by suit, not only under the general principles recognized and established in these decisions, but under provision of Revisal, sec. 2866, expressly authorizing a suit of this character, in favor of State, county or other municipality, and also of private corporations and individuals holding certificates of purchase, etc.

There is nothing in the case of *Berry v. Davis,* 158 N. C., 170, that in any way militates against this position. In that case it was held that a sheriff or tax collector, having the tax list in his hands for collection, giving him present power to seize and sell property, could not bring claim and delivery for property before levy thereon; that, unless expressly authorized by statute, an executive officer must proceed to enforce collection by the ordinary methods of levy and sale.

Whether, in case of real estate, section 2866 should be construed and held to authorize a suit of foreclosure by a sheriff or tax collector, in the first instance, it is not necessary now to decide. It could well be shown that the distinction between suits by the State and municipalities, on the one hand, and tax collectors or executive officers, on the other, a distinction fully recognized in *Berry's case, supra,* and in *S. v. Ga. Co., supra,* is based upon substantial reason, but the point is not presented in this appeal. The question is one entirely for legislative consideration, and the suit, as heretofore shown, is by the municipality, proceeding under express legislative sanction.

There was error in sustaining the demurrer, and this will be certified, that the trial of the cause may be proceeded with.

Reversed.