LONG CREEK DRAINAGE DISTRICT ET ALS. v. W. F. HUFFSTETLER.

(Filed 16 May, 1917.)

1. **Drainage Districts — Constitutional Law — Assessments — Appeal — Due Process.**

   Where a statute relating to a drainage district provides for the assessment on the lands therein, and an appeal therefrom by the owner within ten days after the amount has been fixed, does not deprive the owner of "due process" guaranteed by the Constitution.

2. **Drainage Districts—Assessments—Liens—Personal Liability—Judgments —Limitation of Actions.**

   An assessment upon the lands of an owner within a statutory drainage district, made only a lien upon the lands, does not impose a personal liability on the owner; and where the statute declares the lien "as a special tax on the land," the action provided by the statute to collect the assessment is as one upon a judgment to foreclose a lien, Revisal, sec. 2866, and is not barred within ten years.

CIVIL ACTION, tried before *Justice, J.,* at December Term, 1916, of GASTON.

This is an action commenced in the Superior Court to enforce the collection of $192.40 assessed against the land of the defendant for drainage purposes by the commissioners of the Long Creek Drainage District.

The district was created under Chapter 287 of the Public-Local Laws of 1911, which defines the district and the powers of the commissioners. Among other things, it empowers the commissioners to assess the lands in the district according to benefits, and that after such assessment that notice be given to each landowner, who shall have the right within ten days thereafter to appeal to the Superior Court of Gaston County from the assessment and classification of his lands.

It is also provided in section 8 as follows:

"Sec. 8. The said board of commissioners shall have power either to prosecute said work to completion and assess to each landowner his proportion of the actual cost thereof, or to estimate as accurately as may be the probable cost of such work, and assess to each landowner his proportion of such probable cost, to be collected during the progress of said work; and, if such estimate shall be found to be insufficient to pay the cost of such work in full, to make such additional assessment from time to time as shall be necessary to raise the full amount of the cost of such work. And the chairman of the said board of commissioners shall have power, and it shall be his duty, to institute an action in the Superior Court of Gaston County in the name of the board of commissioners against any landowner who fails or refuses to pay his

assessment, and shall prosecute same to judgment, and the process of the collection of such judgments shall be as provided by law in civil actions; and all assessments made hereunder are hereby declared to be a lien as for special tax upon the land of the landowner within said district, to be due and payable within (30) days after notice thereof in writing has been given by the said board of commissioners to said landowner."

The commissioners made the assessment in accordance with the provisions of the act in November, 1911, and assessed against the land of the defendant $192.40, which was duly entered upon the record kept by the commissioners, and of which due notice was given to the defendant. The defendant did not appeal from the assessment.

His Honor instructed the jury to answer the issue in favor of the plaintiff, and the defendant excepted, contending:

1. That the act under which the plaintiff proceeded was unconstitutional.

2. That the amount involved being less than $200, the Superior Court had no jurisdiction.

3. That the action is to recover a liability created by statute and is barred within three years.

His Honor held against the contention of the defendants and entered judgment in favor of the plaintiff, and the defendants excepted and appealed.

*S. J. Durham and Mangum & Woltz for plaintiff.*
*George W. Wilson and A. C. Jones for defendant.*

ALLEN, J. The questions raised by this appeal are settled against the defendant by *Canal Co. v. Whitley,* 172 N. C., 100, in which it was held that a statute in its essential features like the one before us was constitutional, and that the right to appeal to the Superior Court from the assessment levied constituted "due process."

The same case also decided that the assessment "is not a debt and does not arise *ex contractu.* It is not a personal liability of the landowner to be collected by execution, as against which he would be entitled to a homestead. It is a statutory charge upon the land, and must be collected by proceedings *in rem* in a court having equitable jurisdiction, unless some other method is provided by the statute. If the land benefited is insufficient in value to pay the assessment in full, the remainder cannot be collected out of the other estate of the landowner."

The assessment roll when made up and not appealed from is in effect a judgment, which is declared by the statute "to be a lien as for

special tax upon the land of the landowner," and the action is one upon a judgment to foreclose a lien, analogous to the remedy given for the collection of taxes. Revisal, sec. 2866. ·

If so, the action is not barred, as it falls within the statute of limitations barring actions upon judgments within ten years, and the statute providing that an action on a liability created by statute shall be brought within three years has no application.

It was, however, erroneous to render a personal judgment against the defendant, as the land is the debtor, and the judgment will be modified by striking out the judgment against the defendant and by directing that the land be sold to pay the assessment, with interest thereon, and costs.

The costs of this Court will be paid equally by the plaintiff and the defendant.

Modified and affirmed.