CHEROKEE COUNTY v. J. R. McCLELLAND.

(Filed 20 December, 1919.)

1. **Taxation— Realty— Sales— Liens— Judgments— Levy—Personalty— Claim and Delivery—Statutes.**

   Taxes duly assessed on real property are declared by statute a lien thereon from a given date enforcible by action as well as by levy and sale, and the tax list, in the collector's hands, with the fiat of the register as clerk of the board of commissioners endorsed thereon, are declared by statute to have the force and effect of a judgment and execution. *Wilmington v. Moore,* 170 N. C., 52, as to actual levy upon personal property required before claim and delivery, cited and distinguished.

**2. Taxation— Realty— Sales— Actions— Mortgages—Municipal Corpora-
tions—Counties—Purchasers—Penalties—Statutes.**

The lien on realty given for taxes and assessments due thereon is.
enforcible by action in the nature of an action to foreclose a mortgage,
in which judgment may be entered for its enforcement, "together with
interest penalties and costs allowed by law and costs of action," the
action to be prosecuted in the name of the county when the lien is in
favor of the State and county, Rev., 2868; and the holder of the certificate
of purchase at a tax sale may institute such action to enforce collection
of the amount due on giving the owner or occupant of the land ten days
written notice of his purpose to bring the suit, his inability to find such
owner or occupant excusing the failure to give such notice, and every
county or other municipality is given the right, and it is made its duty,
to prosecute said suits, and whether by private individuals or by the
county or by other municipal corporations, the plaintiff shall, except in
cases otherwise provided by law, recover interest at the rate of 20 per
cent on all amounts paid out by him, or those under whom he claims, as
evidenced by certificates of tax sales, deeds thereunder, or tax receipts, etc.

**3. Same—Notice.**

Where the lands of the owner have been regularly listed for taxation,
sold for the nonpayment thereof after public notice given, of which the
owner was fully aware, and bought in by the county at the tax sale,
regularly had, and the ten days statutory notice had been served on him
of the purchaser's purpose to bring the present suit, the defendant
is held to the payment of the 20 per cent allowed by statute, and he may
not successfully resist judgment therefor on the ground that the notice
of the sale had not been given him as required by Rev., 2889, by tendering
the amount of the taxes levied, and six per cent interest thereon. Rev..
2866, 2912.

**4. Same—Available Personalty.**

The enforcement of the lien on realty given by our statutes by action,
etc., by a municipality or county that has purchased at the sale, may not
be avoided on the ground that the owner had personal property available
from which the taxes on the realty should first have been collected.

BROWN, J., dissenting.

CIVIL ACTION, tried before *Webb, J.,* at June Term, 1919, of CHERO-
KEE, a jury trial having been formally waived by the parties.

The action is by Cherokee County, and as holder of certificate of
purchase at a tax sale of certain lands of defendant, to collect the taxes
due thereon by foreclosure and sale, pursuant to the statute, the precise
question presented being the right of plaintiff to collect the 20 per cent
allowed by the statute in such suits, and the facts chiefly pertinent are
set forth in his Honor's judgment as follows:

"This cause coming on to be heard, the parties waived a jury trial,
and consented that the judge find the facts.

"From the evidence introduced, which was uncontradicted, and from the admission in the pleadings, the court finds the following facts:

"1. That the lands described in the complaint were duly listed in the name of the defendant for his State and county taxes for the year 1914, and the State and county taxes for said year were duly assessed and levied against the defendant for said year in the sum of $178.46.

"2. The defendant defaulted in the payment of said taxes, and the same have not yet been paid.

"3. The said lands were advertised for sale for said taxes by the sheriff and tax collector of Cherokee County, as required by section 2890 of the Revisal of 1905, and were sold by him on May 3, 1915, and were bid off by Cherokee County for the sum of $180.16, and he issued to Cherokee County a tax sales certificate for said sale, dated May 3, 1915.

"4. The defendant, during the time of said advertisement, lived in the town of Murphy, the county-seat of Cherokee County, and the sheriff of Cherokee County did not serve upon him the notice of said sale, neither by personal service nor by mailing notice to him, as required by section 2889 of the Revisal of 1905.

"5. That during the time of said advertisement the defendant saw his said lands advertised by the sheriff in the *Cherokee Scout*, the newspaper in which the sheriff and tax collector advertised said sale; and therefore had actual notice thereof, as given in said paper.

"5½. That for the year 1914 the defendant listed personal property for taxes in the sum of $235.

"6. That the lands described in the complaint were duly listed in the name of the defendant for his State and county taxes for the year 1915, and the State and county taxes for said year were duly levied and assessed against the defendant in the sum of $177.58.

"7. That the defendant defaulted in the payment of said taxes, and the same have not yet been paid.

"8. That said lands were advertised for sale for said taxes by the sheriff and tax collector of Cherokee County as required by section 2890 of the Revisal of 1905, and were sold by him on May 1, 1916, and were bid off by Cherokee County for the sum of $178.78, and said sheriff and tax collector issued to Cherokee County a tax sales certificate for said sale, dated May 1, 1916.

"9. That the defendant during the time of said advertisement lived in the town of Murphy, the county-seat of Cherokee County, and the sheriff and tax collector did not serve upon him the notice of said sale, neither by personal service nor by mailing notice to him, as required by section 2889 of the Revisal of 1905.

"10. That during the time of said advertisement the defendant saw his lands advertised in the *Cherokee Scout*, the newspaper in which the

sheriff and tax collector advertised said sale, and therefore had actual notice thereof, as given in said paper.

"11. That for the year 1915 the defendant listed personal property for taxation in the sum of $235.

"The defendant in open court offered to pay the aforesaid taxes, with interest thereon at 6 per cent, and the costs of this action.

"Upon the foregoing findings of facts it is the opinion of the court that the sheriff having failed to serve personal notice of the sales upon the defendant, the sales were invalid, and plaintiff is not entitled to 20 per cent interest.

"Wherefore, it is adjudged that the plaintiff do have and recover of the defendant the sum of $358.94, with interest at 6 per cent on $178.78 from May 1, 1916, until paid, and with interest at 6 per cent on $180.16 from May 3, 1915, until paid, and for the costs of this action, to be taxed by the clerk.                                             JAMES L. WEBB,
                                                        Judge Presiding."

It is admitted also in the pleadings that the ten days notice required before institution of the present suit (Rev., 2912) had been given. Plaintiff excepts to the refusal of his Honor to award 20 per cent on amounts due the county, etc., by reason of the purchase.

*Dillard & Hill for plaintiff.*
*R. L. Phillips and J. D. Mallonee for defendant.*

HOKE, J. The laws of this State make comprehensive provision for the collection of the public revenues, affording to the officers charged with the duty adequate remedies for the purpose, both by action and by summary process. *City of Wilmington v. Moore,* 170 N. C., 52; *State and Guilford County v. Georgia Co.,* 112 N. C., 34. True, in *Berry v. Davis,* 158 N. C., 170, it was held that a sheriff or other executive officer charged with the duty of collecting the taxes, having the tax list in his possession, was not authorized to bring claim and delivery for personal property before levy made, but as pointed out in *Wilmington v. Moore, supra,* that ruling was approved because no lien for taxes is given by the statute on personal property before actual levy made. As to realty, however, the taxes are declared the lien on all realty of the owner from a given date, enforceable by action as well as by levy and sale; and the tax list, when placed in the collector's hands, with the fiat of the register, as clerk of the board of commissioners, endorsed thereon, are declared to have the force and effect of a "judgment and execution against the real and personal property of the person charged in such list."

In Rev., 2866, it is provided that the tax lien on realty for taxes and assessments due thereon may be enforced by action in the nature of an action to foreclose a mortgage, and judgment may be declared for the enforcement of such lien, "together with interest, penalties, and costs allowed by law and costs of action," and when such lien is in favor of the State and county the action shall be prosecuted in the name of the county. Again, in section 2912 it is provided that the holder of every certificate of purchase at a tax sale may institute this action in the nature of an action to foreclose the mortgage to enforce collection of the amounts due, on giving to the owner or occupant of the real estate 10 days written notice of his purpose to bring the suit, and the statute declares that inability to find such owner or occupant in the county shall excuse a failure to give such notice.

This section further declares that every county or other municipal corporation shall have the right to foreclose for taxes under its provisions, and it is made the duty of such corporations to diligently prosecute said suits, etc., and further, that in every action brought under its provisions, whether by private individuals or by the county or by other municipal corporation, the plaintiff shall, except in cases otherwise provided by law, recover interest at the rate of 20 per cent on all amounts paid out by him or those under whom he claims, and evidenced by certificates of tax sales, deeds thereunder, or tax receipts, etc.

The property was regularly listed for taxation, the taxes thereon duly assessed, the purchase made at a tax sale after public notice given, of which the owner was fully aware, and the 10 days written notice served on him of plaintiff's purpose to bring the present suit, and on these facts we are of opinion that the 20 per cent is collectible by the express terms of the statute. And the authorities cited do not uphold the defense contended for. In *Rexford v. Phillips,* 159 N. C., 213, the tax deed was avoided because the land had never been put on the tax list by any one having proper authority for the purpose, and it was held, therefore, that there was no tax lawfully due from the owner, justifying a sale, a principle again affirmed by this Court in *Stone v. Phillips,* 176 N. C., 457. And in *Matthews v. Fry,* 141 N. C., 582, not only was there failure on the part of the sheriff to give proper public notice of the sale, as well as serving notice on the owner personally, but the purchaser had also failed to serve the personal notice required by the statute as a prerequisite to obtaining his deed. Apart from this, both of these authorities were decisions in reference to the title, and the validity of the tax deed, and the failure to give the notice referred to having been declared an irregularity, the deeds were avoided as between the purchaser and the owner. In neither case was the question presented of the right to recover the 20 per cent interest allowed by the statute in an action to

foreclose the lien.   This is imposed by way of penalty for the personal default of the owner in not meeting his share of the public burdens. Any apparent hardship that may at times arise from lack of personal notice is generally removed by the requirement that 10 days personal notice must be given the owner of the purpose to bring the suit, thus affording him another opportunity to pay his taxes and avoid the penalties and costs.   In the present instance the facts show that the defendant knew all about the taxes being due, and of the time and place of sale, and knowing this, he failed for two successive years to pay his taxes, and we find no reason in law or fact for relieving him of the penalty.

In regard to defendant's having personal property available from which the tax should have been first made, it has been held by us that this fact will not of itself suffer to avoid a sale of realty.   *Stanly v. Baird,* 118 N. C., 75.   And it may be noted that our last two Machinery Acts, Laws 1917, ch. 234, and Laws 1919, ch. 92, both close with the express provision that a sale of real estate for taxes shall not be assailed on the ground that the tax could have been procured by sale of personal property.

There is error, and this will be certified that judgment be entered for the tax, and interest thereon at 20 per cent and costs.

Reversed.

BROWN, J., dissenting:  It is admitted that defendant failed to pay his taxes for the years 1914-15.   His real estate in the town of Murphy was sold by the sheriff, and, for want of bidders, under the statute, was knocked off to the county of Cherokee.   It is admitted that notice of the sale was not served upon the defendant as required by Rev., 2889.   It must be admitted that in the absence of any such notice the title to the property did not pass by virtue of the sale.   The sheriff's deed is only presumptive evidence of the service of the notice which is completely rebutted in this case by the finding that the notice was never served.   It follows, therefore, that the plaintiff has acquired no title to the property by the sale, as the sheriff failed to serve the notice.   In *Matthews v. Fry,* 141 N. C., 582, this point is expressly decided, and the reason and necessity for such notice are fully stated and sustained by the citation of authorities.   In that case *Mr. Justice Walker* says:  "The publication of notice to taxpayers required by tax laws is an indispensible preliminary to the legality of a tax sale, and it must be in strict accordance with the statutory requirements."

It must be borne in mind that the defendant is not seeking to redeem his property from one who had acquired a good title to it at a legal tax sale.   If that was the case, the defendant would have to pay the taxes and 20 per cent interest thereon.   The plaintiff county, doubtless know-

LAND CO. *v.* MURPHY.

ing that it has acquired no title to the property, is not seeking to recover it.   The plaintiff seeks only to enforce a lien for the taxes.   The defendant has tendered the taxes and six per cent interest, and I am of opinion that the plaintiff is not entitled to recover anything more.   The 20 per cent interest is a penalty imposed upon one whose property has been legally sold for taxes, and who is seeking to redeem it from the purchaser.   This defendant is not seeking to redeem his property, for the sale is void.   He only asks to pay the taxes, together with the legal 6 per cent interest, and I think he has that right.