MUDDY CREEK DRAINAGE COMMISSION, COMPOSED OF A. S. ABERNATHY, J. A. GETTYS, T. Y. BIGGERSTAFF, G. B. MANGUM, L. L. LAIL AND WILLIAM HEMPHILL, v. T. L. EPLEY.

(Filed 9 December, 1925.)

**Drainage Districts—Assessments—Liens—Actions—Parties—Statutes.**

> The assessment of owners of land in a drainage district given by chapter 348, Public-Local Laws of 1913, amended by chapter 107, Public-Local Laws of 1925, is a lien *in rem*, and enforcible in equity, in analogy to the enforcement of a tax lien, by an action by the commissioners of the district: and the position that the sole method is by the sheriff, etc., under proceedings under the provisions of the act itself, is untenable. C. S., 7990.

APPEAL by plaintiff from McDOWELL Superior Court. *Harding, J.*

The plaintiffs allege that they were the duly constituted board of Muddy Creek Drainage Commission, pursuant to chapter 348, Public-Local Laws of 1913; and that the defendant resides in McDowell County

and is the owner of certain lands in Muddy Creek Valley, in said county, which lands are a portion of Muddy Creek Drainage area; that, pursuant to said act, plaintiffs, for the purpose of drainage of Muddy Creek, assessed against the defendant's land in Muddy Creek, for the years of 1915, 1916, 1917, 1918 and 1919, the sum of $395.00, which levy was placed in the hands of the sheriff of McDowell County, who died without collecting the same, and that they are empowered and authorized to collect the same pursuant to chapter 107 of the Public-Local Laws 1923.

The defendant demurred, assigning grounds of demurrer as follows:

"1. That it appears from the face of the complaint that the only authority for the institution and maintenance of this action is by authority of chapter 107, Public-Local Laws 1923, and that it appears from the provisions of said act that any assessment dues under said drainage act can only be collected by and through a collector, to be appointed by the plaintiff as provided in said chapter 107, Public-Local Laws 1923, and that plaintiff has no authority in law to maintain this action in its corporate name.

"2. That it does not appear from the face of said complaint that under the provisions of said chapter 107, Public-Local Laws 1923, that plaintiff has proceeded to the collection of such assessments alleged to be due as provided therein or that it has exhausted the remedy therein provided for such collection."

The judgment sustaining the demurrer was entered and the plaintiff appealed.

*Avery & Hairfield and Hudgins, Watson & Washburn for plaintiff.*
*Spainhour & Mull and Morgan & Ragland for defendant.*

VARSER, J. Plaintiff's right to collect, by suit, the assessments made against the land in Muddy Creek Drainage District, for the purpose of settling its outstanding indebtedness, is challenged by the demurrer. Plaintiff's powers and duties are prescribed in chapter 348, Public-Local Laws 1913, as amended by chapter 107, Public-Local Laws 1923. Its additional powers are those that arise by necessary implication. The assessment is expressly made a lien on the lands within the drainage district, according to the assessment roll. This assessment is *in rem,* and not *in personam,* and the land in the district is the sole security for the payment thereof. *Drainage District v. Huffstetler,* 173 N. C., 523.

We are of the opinion that the drainage district has the power to maintain this action for the purpose of foreclosing the lien of said assessment in analogy to the foreclosure of a tax lien under C. S., 7990, formerly Rev., 2866. *Drainage District v. Huffstetler, supra; Wilmington v. Moore,* 170 N. C., 52; *Guilford v. Georgia Co.,* 112 N. C., 34.

43—190

*Gatling v. Comrs.*, 92 N. C., 536 is not in conflict with its ruling. The sole question presented in this latter case was whether the plaintiff, a judgment creditor of Carteret County on bonds issued by the county, can set up the judgments as a set-off or counterclaim against the taxes admitted by him to be due to the county, and the court held that he could not, citing Cooley on Taxation, 15, 16, to the effect that, "when no remedy is specially provided, a remedy by suit may fairly be implied, but when one is given which does not embrace an action at law, a tax cannot in general be recovered in a common-law action as a debt."

The case at bar is not an action at law to recover in debt, but is a suit in equity to foreclose a lien. The summary method of collection by a sheriff or collector is not an exclusive remedy. *Wilmington v. Moore, supra.* A sheriff of either of the counties in which the area embraced within this drainage district lies, could not maintain an action *in his name* to collect this tax. *Berry v. Davis,* 158 N. C., 170. *Non constat* that the drainage district in the same manner as a city or county may not maintain such action.

We cannot conceive that the Legislature intended, when it granted this power to tax, which is the highest and most essential power of the government, an attribute of sovereignty and absolutely necessary for the existence of the drainage district, to make the collectibility of the assessments solely dependent upon a sheriff or tax collector, however great his diligence might be. *New Hanover County v. Whiteman, ante,* 332.

The judgment sustaining the demurrer is
Reversed.