ROBESON COUNTY DRAINAGE DISTRICT NO. 4 AND THE BOARD OF DRAINAGE DISTRICT COMMISSIONERS OF ROBESON COUNTY DRAINAGE DISTRICT NO. 4 v. LESLIE J. BULLARD AND WIFE, LYDA M. BULLARD.

(Filed 15 December, 1948.)

1. **Drainage Districts § 15: Appeal and Error § 40a—Appeal from judgment on facts agreed does not present matters not ruled upon by trial court.**

From the statement of facts agreed it appeared that land of defendants was subject to drainage liens in a specified amount which were due and unpaid, that the drainage district had collected funds more than sufficient to pay bonds issued by it, and that the commissioners intended to use all surplus funds realized for the purpose of repairs and improvements. Defendants contended that the commissioners were without authority to make repairs or improvements after the expiration of three years from the completion of the canals, and that therefore defendants and all other landowners in the district were entitled to a rebate *pro rata* of the excess over the amount required to discharge the unpaid bonds. Defendants excepted to the judgment that plaintiff recover the unpaid assessments not barred by the statute of limitations, and that the land be condemned for sale for the purpose of paying the assessments. *Held:* Since the trial court did not

rule on the authority of the commissioners to use surplus funds for repairs and improvements, the question is not presented on appeal, and there being no question raised as to the validity of the assessments or the fact that they are due and unpaid, the exceptions to the judgment cannot be sustained.

**2. Drainage Districts § 15—**

The court has authority under G.S. 160-93 upon rendition of judgment for plaintiff to include as an element of cost one reasonable attorney's fee for plaintiff.

APPEAL by defendants from *Nimocks, J.*, 22 March, 1948, as of October Civil Term, 1947, of ROBESON.

Civil action instituted 1 May, 1947, to declare lien on four tracts of land described in the complaint for drainage assessments due for years set forth, and for foreclosure of such liens by sale of said lands. G.S. 105-414, formerly C.S. 7990.

Defendants, answering, deny liability for said assessments, and plead in bar of recovery herein the ten-year statute of limitations, G.S. 160-93, in bar of such portions thereof as "arose and accrued more than ten years prior to the institution of this action," and prayed an order for an accounting by plaintiffs and for distribution of surplus funds on hand derived from collection of drainage assessments.

When the cause came on for hearing at October Civil Term, 1947, of Superior Court of Robeson County, plaintiffs and defendants, through their respective attorneys, agreed to waive a jury trial, and stipulated pertinent facts to the end that the court might consider same and render judgment, either in or out of term, out of the county and out of the district.

The facts agreed (1) cover every step in the requirements of the Drainage Act, Chapter 156 of the General Statutes for valid assessments against lands of defendants described in the complaint, and even for valid certificates of sale issued to plaintiffs by the tax collector pursuant to a sale of lands described in complaint for nonpayment of those assessments; and (2) show that all of the assessments are due but certain of them became due more than ten years prior to the date of the institution of this action,—as to which all parties concede that an action on those assessments is barred by the ten-year statute of limitations. G.S. 160-93. It is also agreed that the Robeson County Drainage District #4 was formed in 1930.

Other facts agreed are these:

1. That of the principal amount of $30,000 of bonds issued by the plaintiffs, under authority of the Drainage Act aforesaid, only $6,000 principal remains unpaid; that plaintiffs had in bank to its credit as of date of last audit the sum of $8,913.64 which had been realized from the

collection of drainage assessments against lands located within and comprising said Drainage District; and that there are unpaid assessments as listed, some of which are barred by the ten-year statute of limitations.

2. That no repairs have been made to the canals and bridges of the Drainage District, since the completion thereof, and said canals are partially filled, and they and other improvements are in a bad state of repair; and that unless prevented from doing so by an order of court, the Board of Drainage Commissioners of said District contemplate using such money as it may have to its credit, after retiring the bonds remaining unpaid, as well as such as may be realized from collection of unpaid assessments, for the purpose of redredging the said canals, reconstructing bridges throughout the district and making such other repairs as will place said canal and other improvements in good condition.

Upon the foregoing agreed facts, plaintiffs contend that they are entitled to a judgment (1) against each of the four said tracts of land of defendants, described in the complaint, in the principal sum of all assessments against each, which matured less than ten years next prior to the institution of this action, with interest, and (2) condemning said lands for sale, and appointing a commissioner to sell same for the purpose of paying said assessments, and interest and costs allowed by law.

On the other hand, defendants contend that under the Drainage Act, plaintiffs are authorized to levy and collect only an amount sufficient (1) to pay the expenses of creating the district and its necessary administrative expenses, (2) to pay off the bonds issued for said purpose and interest thereon, and (3) to maintain the canals and bridges in said district for a period of three years next following the completion thereof; and that since there is on hand a sufficient fund to pay off and discharge the remaining unpaid bonds, and interest thereon, they, the defendants, together with all other landowners in the District, are entitled to a rebate *pro rata* in the amount of taxes levied and assessed, both paid and unpaid, which are in excess of the amount required to pay off and discharge the remaining unpaid bonds; and that plaintiffs do not have the legal right to use such excess in redredging the canals, etc., as they contemplate doing.

However, upon the facts agreed and submitted, the court held in effect that certain assessments which matured more than ten years prior to the date of the institution of this action are barred, by the statute of limitations, but that as to all other of the assessments plaintiffs are entitled to recover,—and, in accordance therewith adjudged:

1. That plaintiffs have and recover judgment against the respective tracts for the amount of the assessments against same, which are not barred by the statute of limitations,—set out in detail. (To this part of the judgment defendants except. Exception No. 1.)

2. That the several tracts of land be condemned for sale, and sold for purpose of paying the drainage assessments, interest and cost, etc. (To this part of the judgment defendants except. Exception No. 2.)

3. That plaintiffs recover of defendants the costs of this action to be taxed by the clerk,—including therein $200 as attorneys' fees to attorneys for plaintiff expressly "in accordance with the provisions of G.S. 160-93." (To this part of the judgment defendants except. Exception No. 3.)

From judgment so entered defendants appeal to Supreme Court, and assign error.

*Johnson & Johnson for plaintiffs, appellees.*

*F. D. Hackett and Ellis E. Page for defendants, appellants.*

WINBORNE, J. Defendants, appellants, in brief filed on this appeal, do not challenge the right of plaintiffs to maintain this action for the foreclosure of unpaid drainage assessments levied under the provisions of Chapter 156 of the General Statutes, payment of which is in default; nor do they question the validity of the assessments as levied, or the fact that they are due and unpaid. Hence, nothing else appearing, the portions of the judgment to which the first and second exceptions are taken by defendants are in accordance with law.

Moreover, since the trial court has not ruled on the questions attempted to be raised upon the agreed facts in respect to the surplus funds in hands of plaintiffs and the uncollected assessments, such questions are not now before this Court for determination. It is not amiss, however, in this connection to direct attention to certain provisions of the Drainage Act, particularly: G.S. 156-103, pertaining to the force and effect of assessments levied; G.S. 156-103, pertaining to assessment liens; G.S. 156-92, as amended by 1947 Session Laws, Chapter 982, Section 1, pertaining to control, and repair of improvements by Board of Drainage Commissioners; G.S. 156-98, pertaining to authority and discretion of Board of Drainage Commissioners in respect to excess drainage tax levied, assessed and collected; and G.S. 156-116 (3), pertaining to disposition of surplus funds.

As to the third exception: Defendants question in particular the allowance of attorneys' fees to be charged as part of the cost in the case. They contend that G.S. 160-93, recited in the judgment as authority for such allowance, is not applicable to actions for foreclosure of delinquent drainage assessments. This contention is untenable.

It has been held by this Court that an action in the nature of an action to foreclose a mortgage, C.S. 7990, now G.S. 160-93, is open to drainage districts. *Drainage Dist. v. Huffstetler,* 173 N. C. 523, 92 S. E. 36; *Comm. v. Epley,* 190 N. C. 672, 130 S. E. 497; *Wilkinson v. Boomer,*

217 N. C. 217, 7 S. E. (2) 491; *Nesbit v. Kafer,* 222 N. C. 48, 21 S. E. (2) 903. And G.S. 160-93 provides in pertinent part, that "in any action to foreclose a special assessment the costs shall be taxed as in any other civil action, and shall include an allowance for the commissioner appointed to make the sale, which shall not be more than five per cent of the amount for which the land is sold, and one reasonable attorney's fee for the plaintiff." Thus the statute authorizes "one reasonable attorney's fee for the plaintiff" to be included and taxed in the costs.

In the connection in which this provision for attorney's fee is set forth in the statute, it would seem that the Legislature intended that the allowance of attorney's fee should be made at the conclusion of the proceeding and not in the course of it. However, since only one attorney's fee may be allowed in the case, we are not disposed to disturb the order made.

Affirmed.