MARINA CALZADA QUIÑONES, recurrente, *v.* DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, recurrido.

*Número:* O-83-25    *Resuelto:* 31 de octubre de 1983

*Ana L. Torres Lupiañez*, abogada de la Asociación de Empleados del E.L.A., abogada de la recurrente; *Miguel Pagán, Procurador General Interino, Doris M. Santiago*, abogada del Departamento de Justicia, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

La Sra. Marina Calzada Quiñones se desempeñaba en el puesto de *Secretaria II* en la Secretaría de Información, Educación y Relaciones con la Comunidad del Departamento de Asuntos del Consumidor (DACO). Era empleada de carrera con veintiséis (26) años de servicio. Efectivo el 31

de diciembre de 1981 fue cesanteada por razones de economía.

Ante la Junta de Apelaciones del Sistema de Personal (JASAP) impugnó tal determinación aduciendo que: (1) DACO carecía de aprobación *previa* para implantar la subdivisión de la agencia, según requerido por la Sec. 9.3(3) del Reglamento de Personal: Administración Central de la Ley de Personal; (2) que no fue notificada de su cesantía con treinta (30) días de antelación a su efectividad, incumpliéndose lo prescrito en la Sec. 9.3(1)(e) del Reglamento de Personal: Áreas Esenciales al Principio de Mérito; y (3) que tampoco fue sometida al proceso de competencia por orden de antigüedad dentro de su agencia. DACO, responsivamente sostuvo la validez jurídica de la acción impugnada.

JASAP confirmó.[1] Concluyó que medió autorización verbal de la Oficina Central de Administración de Personal (OCAP); que existía una crisis presupuestaria en la agencia que configuraba "circunstancias apropiadas dentro de las cuales proced[ía] decretar cesantías de empleados como medida de administración". Sobre el derecho a competir por antigüedad razonó que "[e]n casos como el de autos, que se determina que la cesantía afectará en forma total a todos los empleados de un programa, división, etc., no es necesario el someter a los empleados al proceso de competencia por orden de antig[ü]edad, toda vez que al quedar suprimido el programa, todos los empleados dentro del mismo quedan cesantes. Obsérvese que en ese sentido, cada Secretaría o División identificada en la subdivisión se considera como un universo independiente y separado de las demás. Distinto hubiera sido si, en lugar de eliminar en su totalidad el programa o Secretaría, se reduce el personal dentro del mismo. Es en esa circunstancia que la agencia viene obligada a someter a los empleados dentro de la jurisdicción

---

[1] Ordenó que su nombre fuera incluido en el Registro de Elegibles, según la Sec. 7.5 del Reglamento de Personal: Administración Central.

que se trate, conforme a sus clasificaciones, al proceso de competencia para determinar el orden de prelación en que se decretan las mismas".

La señora Calzada Quiñones acudió al Tribunal Superior. Dicho foro proveyó no ha lugar a su recurso. Revisamos.

## II

De todos sus planteamientos, detectamos mérito y concentramos nuestra intervención primeramente en lo referente a si ella era acreedora a competir por *antigüedad* con las demás *Secretarias II* de DACO. Nos argumenta que no hay disposición legal ni reglamentaria que sostenga el criterio de JASAP de que cada jurisdicción en una agencia en la cual se decreten cesantías debe ser considerada como un universo separado e independiente para fines de la competencia por antigüedad entre los empleados de una misma clasificación.

La Sec. 4.6 del estatuto de Personal —Núm. 5 del 14 de octubre de 1975, según enmendado— autoriza la separación de un empleado del servicio público —sin que implique destitución— entre otras razones debido a la falta de fondos. Este mismo precepto *in fine* consigna el mandato de que la separación se hará, "según se establezca mediante reglamento al respecto en el que se tome en consideración entre otros factores el status de los empleados y su antigüedad y [e]l tiempo en servicio". 3 L.P.R.A. sec. 1336. Por tal motivo, la existencia de una crisis fiscal, por sí, no convalida automáticamente toda cesantía. Es menester que el poder nominador las decrete acatando fielmente la ley y tomando en cuenta las normas y trámites reglamentarios. *Delgado* v. *D.S.C.A.*, 114 D.P.R. 177 (1983); *Olivieri Morales* v. *Pierluisi*, 113 D.P.R. 790 (1983).

Sobre este extremo, la Sec. 9.3 del *Reglamento de Personal: Áreas Esenciales al Principio de Mérito* consagra como primer criterio, la *eficiencia*, lo que presupone que la

agencia realiza y mantiene un sistema evaluativo de su personal. Sin embargo, dicha regla contempla que en ausencia de información válida para determinar la eficiencia en el desempeño de las funciones, "el factor determinante *será* el tiempo en el servicio". Inciso 2 de la Sec. 9.3(1)(c). Mediante este enfoque, cuya justiciabilidad aflora de su faz, la persona de más reciente nombramiento en el servicio será separado en primer lugar.

█ La Sec. 9.3(1)(a) del citado cuerpo establece como parte del método para decretar cesantías la división de la agencia por unidades o programas, a los fines de identificar las jurisdicciones en las cuales habrán de decretarse las cesantías. No obstante, contrario al criterio de JASAP, esta regla indefectiblemente está subordinada al mandamiento estatutario de antigüedad como elemento de retención.

La protección que el ordenamiento jurídico concede a los servidores públicos por años de servicio exige esta interpretación. En ausencia de un sistema evaluativo fundado en la eficiencia, el único criterio *objetivo* no susceptible de ser erróneamente aplicado o entendido por la autoridad nominadora es el factor tiempo. Bajo esta interpretación, la señora Calzada Quiñones era acreedora a un puesto para el cual estuviera calificada, inclusive un traslado a otro departamento o división y hasta un descenso, si estaba dispuesta a aceptarlo. La decisión de DACO no es armonizable con este esquema plasmado en la ley y reglamentación vigentes. Pasa por alto principios elementales en la administración de personal. La solución en nada altera el método de subdivisión de una agencia. El que una Secretaria II de un departamento vaya a ocupar por desplazamiento una posición de igual clasificación en otro departamento, de ordinario no afecta el funcionamiento de la agencia. Adviértase que la clasificación científica de puestos está basada en la agrupación sistemática de clases similares, en virtud de sus deberes y responsabilidades. De esta forma se logra inyectar tratamiento uniforme en la administración de personal.

Art. 12(26) del Reglamento de Personal: Áreas Esenciales. Bajo este enfoque, básicamente todas las Secretarias II de DACO tienen deberes, índole de trabajo, autoridad y responsabilidad "semejantes". Se les exige a sus incumbentes los mismos requisitos mínimos, se les administra las mismas pruebas para su selección y se les aplica la misma escala de retribución. Véase, Art. 12(23) del citado Reglamento. Claramente, con unos ajustes y esfuerzos mínimos, un empleado puede sustituir, en poco tiempo, a otro en un puesto de igual o inferior clasificación.

## III

■ Finalmente, es correcta la contención de la recurrente señora Calzada Quiñones de que no se agotaron los recursos mandatorios de la Sec. 9.3(2) del Reglamento de Personal: Administración Central, tales como la reubicación, readiestramiento, licencia sin sueldo y descenso.[2] La autoridad nominadora está obligada a examinar las alternativas descritas, y de ser factibles, implantarlas. En el caso de autos, lamentablemente, como opción a la cesantía sólo se consideró conceder licencia sin sueldo. Posteriormente se descartó su implantación y se eliminó el

---

[2] Sec. 9.3(2):

"Antes de decretar cesantías debido a la eliminación de puestos por falta de trabajo o fondos, las *agencias deberán agotar los recursos a su alcance para evitar dichas cesantías con acciones tales como:*

"a) Reubicación de personal en puestos de igual o similar clasificación, en programas que no estén afectados por la reducción de personal.

"b) Readiestramiento del empleado para reubicarlo en otro puesto cuando esto pueda hacerse razonablemente antes de la fecha para decretar tales cesantías.

"c) Licencia sin sueldo hasta tanto cese la crisis presupuestaria, cuando la agencia tome la decisión por una insuficiencia presupuestaria temporera que no requiera la eliminación permanente del puesto. En tales casos deberá observarse el orden de prelación que se establece en el inciso 1(b) de la Sección 9.3 del Reglamento de Personal: Áreas Esenciales al Principio de Mérito, y advertirle al empleado de su derecho de apelación ante la Junta de Personal.

"d) Descensos de los empleados como último recurso para evitar las cesantías." (Énfasis suplido.)

puesto en forma permanente. DACO incumplió con el mandato reglamentario al no considerar las restantes posibilidades. La nulidad de la actuación impugnada es la consecuencia directa de la inobservancia de la norma.

Por los fundamentos expuestos, *se dictará sentencia en que se revoque la decisión de JASAP y en su lugar se decretará la nulidad de la cesantía.*

Los Jueces Asociados Señores Díaz Cruz y Rebollo López concurren en el resultado sin opinión.