868 F.2d 30
 57 USLW 2510
 Jeannette PEREZ-SERRANO, et al., Plaintiffs, Appellees,
v.
Juan R. DeLEON-VELEZ, etc., et al., Defendants, Appellants.
Appeal of The MUNICIPAL GOVERNMENT OF FLORIDA, Defendant, Appellant.
Jeannette PEREZ-SERRANO, et al., Plaintiffs, Appellees,
v.
Juan R. DeLEON-VELEZ, etc., et al., Defendants, Appellants.
 United States Court of Appeals,
First Circuit.
 Heard Nov. 1, 1988.
Decided Feb. 22, 1989.
As Amended Feb. 23, 1989.
 
 Luis N. Blanco Matos with whom Rafael Ortiz Carrion, Sol. Gen., Norma Cotti Cruz, Deputy Sol. Gen., Vannessa Ramirez, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., and Angel L. Tapia Flores, Rio Piedras, P.R., were on joint brief, for defendants, appellants.
 Miguel Pagan, San Juan, P.R., with whom Eliezer Aldarondo Ortiz and Aldarondo & Lopez Bras, Hato Rey, P.R., were on brief, for plaintiffs, appellees.
 Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and COFFIN, Circuit Judge.
 COFFIN, Circuit Judge.
 
 
 1
 The major issue in this appeal is whether in a Sec. 1983 action seeking damages and injunctive relief, issues common to both claims must first be submitted to the jury. In this case, the district court denied defendants' request for a jury trial and itself resolved the common issue of liability, leaving for the jury only the task of assessing damages. We believe this was error and now reverse.
 
 
 2
 The case was initiated by eighteen employees of the Municipality of Florida in Puerto Rico, who sued both the Mayor and the Municipality for terminating their service. The plaintiffs, members of the New Progressive Party (NPP), allege that they were discharged by defendants because of their political affiliation, the Mayor being a member of the Popular Democratic Party (PDP), which had recently come to power in early 1985. The complaint sought declaratory relief, reinstatement, back pay, compensatory and punitive damages and a permanent injunction as well as costs and attorney's fees. It cited substantive and procedural due process rights under the first, fifth and fourteenth amendments and a number of personnel statutes of the Commonwealth of Puerto Rico. No prayer for preliminary injunctive relief was included in the complaint or, as far as we can ascertain, ever added by amendment.
 
 
 3
 The complaint was served on defendants on June 17, 1986, some 60 days after having been filed in court. On June 18, the district court issued a show cause order setting a hearing date of August 12, 1986, outlining requirements for the exchanging of documentary evidence, marking exhibits and preparing a pretrial order and briefing, etc. The order also announced that the hearing of August 12 would be "a consolidated hearing for a preliminary and permanent injunction."
 
 
 4
 Subsequently, on July 15, the defendant Mayor made a demand for jury trial and on July 22 the Municipality made a similar demand. On August 5, both defendants unsuccessfully moved to suspend the order setting the hearing date, pointing out that a preliminary injunction had not been requested, that the prerequisites to issuance of a preliminary injunction did not exist, and that any hearing on a permanent injunction would be premature.
 
 
 5
 On August 6, a pretrial order, signed by all parties, was filed. Annex I to this order consists of two documents, 144 pages of prospective jury instructions and 5 pages of voir dire questions. The defendants noted that they were signing the pretrial order without withdrawing their previous objections.
 
 
 6
 On August 12, the minutes of a meeting with the district court reported that the Municipality's request for a jury trial had been denied on the ground that there was no jury trial right in a case seeking equitable relief. There was apparently no separate action taken on the Mayor's request for a jury trial. A fifteen-day nonjury trial ensued. On July 20, 1987, the district court filed its opinion and order holding that plaintiffs had met their burden under the first amendment of showing that their political affiliation was a material factor in the decision to remove them from their positions and that defendants failed to carry their burden of showing that they would have reached the same decision regardless of plaintiffs' political affiliation. It ordered the defendants to reinstate all plaintiffs to their previous positions with the exception of one plaintiff who had already been rehired and another, Fernandez, who was to be reinstated to a different position comparable with her seniority and education. It also awarded plaintiffs back pay. The court's order concluded with a statement that "A jury shall be called to determine the issue of damages."
 
 
 7
 The appellees first argue that the appellants have waived any right to a jury trial. They cite no authority, however, except cases where no timely demand was made for a jury trial. In this case, not only was timely demand made, prior to responsive pleading, by both defendants, but the annexing to the pretrial order of the massive collections of materials relating to jury instructions and voir dire questions evidenced appellants' continuing interest in a jury trial. Although appellants, as they recognize, could have sought an early decision of the jury trial issue by a writ of mandamus, the right is not forfeited by failure to pursue this extraordinary route. As Professors Wright and Miller state in 9 Federal Practice and Procedure Sec. 2322, p. 105 (1971):
 
 
 8
 Even though it is possible to get immediate review of a denial of jury trial by the devices just mentioned [mandamus or by treating the denial of jury trial as an appealable injunction], the party who wishes a jury is not required to proceed in this fashion and may have review of the denial of a jury on an appeal from the final judgment.
 
 
 9
 Having concluded that defendants did not waive their right to a jury trial, we turn to the central question in the case: must a jury determine all common issues in a Sec. 1983 action seeking both damages and injunctive relief?
 
 
 10
 The long established rule in this area is set forth clearly in Dairy Queen v. Wood, 369 U.S. 469, 472-73, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962):
 
 
 11
 The holding in Beacon Theatres [v. Westover, 359 U.S. 500, 510-511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988] was that where both legal and equitable issues are presented in a single case, "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." That holding, of course, applies whether the trial judge chooses to characterize the legal issues presented as "incidental" to equitable issues or not. Consequently, in a case such as this where there cannot even be a contention of such "imperative circumstances," Beacon Theatres requires that any legal issues for which a trial by jury is timely and properly demanded be submitted to a jury.
 
 
 12
 (citations omitted).
 
 
 13
 The question then is whether a claim seeking damages under Sec. 1983 is characterized properly as "legal" for purposes of the seventh amendment. A recent decision of this circuit, Santiago-Negron v. Castro-Davila, 865 F.2d 431 (1st Cir.1989) has we believe answered this question by implication. In that case, the issue of liability had been given to the jury. We held that where liability and damages are submitted to the jury, the issue of back pay also should be given to the jury. In the course of the opinion, we stated that "[t]here can be no doubt that Sec. 1983 actions create tort liability with damages determined under the common law of torts." At 440. We think clear that the Santiago-Negron Court was assuming that where damages and injunctive relief are sought under Sec. 1983, liability is for the jury. In case there is any doubt, we now so hold. Cf. Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (holding that because an action for damages under Title VIII sounds basically in tort, it is "legal" for purposes of the 7th amendment).
 
 
 14
 We, therefore, hold that the district court erred not only in consolidating proceedings looking toward a permanent injunction with proceedings looking toward a preliminary injunction when the latter remedy had not been requested, but also in not submitting the issue of liability to a jury.[1] Accordingly, we must remand for a trial by jury on liability[2].
 
 
 15
 We see no utility, however, in setting aside the court's order reinstating plaintiffs, after which plaintiffs presumably could request a preliminary injunction reinstating them pending a decision on permanent injunctive relief. We therefore accept the suggestion of appellants and treat this part of the district court's order as a preliminary injunction and affirm it. As a preliminary injunction, the order endures only pendente lite and may be sooner modified at any time within the district court's discretion.
 
 
 16
 We now address one final issue. The parties have briefed in somewhat sketchy fashion, an issue relating to local personnel law in Puerto Rico, i.e., whether the severance plan relied upon by defendants in effectuating the dismissals violated plaintiffs' seniority rights under local law. We do not believe this issue is properly before us and therefore decline to address it.
 
 
 17
 Although many sections of Puerto Rico statutes were cited in the complaint, no reference is made to them in the court's decision. The court, at the outset of its opinion, in describing the complaint, refers only to claims under the first, fifth and fourteenth amendments to the federal constitution. It nowhere refers to any Puerto Rico statute, much less purports to find expressly that local law was violated. The parties have cited as significant a decision of the Puerto Rican Supreme Court, Calzada Quinones v. Department of Consumer Affairs, 114 D.P.R. 757 (1983). This decision, however, focuses entirely on 3 L.P.R.A. Sec. 1336, a statute that is not mentioned in the complaint or the district court's decision. Given the absence in the opinion of any reference to local statutes, we are convinced that the district court was focusing wholly on plaintiffs' federal claims, and was not purporting to find a violation of local law. Any observations made by the court relating to plaintiffs' seniority over other employees affiliated with the PDP were made only as part of the First Amendment analysis leading to the district court's conclusion that the severance plan relied upon by appellants as justification for their action was merely pretext. Thus, because the district court did not address squarely the issues of Puerto Rico law, we also do not address them.
 
 
 18
 In sum, we find that the district court erred in denying appellants' request for a jury trial on the issue of liability, and therefore, vacate the court's award of back pay and permanent reinstatement. Where a plaintiff seeks both damages and injunctive relief under Sec. 1983, the jury must assess liability as well as damages. Because the jury will be determining liability and damages, it also must determine back pay. Santiago-Negron v. Castro-Davila, 865 F.2d 431 (1st Cir.1989) (where jury assesses liability and damages, it should also determine back pay). Finally, as to preliminary relief, we see no reason not to allow plaintiffs to remain at their positions pending a final decision in this case.
 
 
 19
 Vacated and remanded for further proceedings consistent with this opinion.
 
 
 20
 Costs to appellants.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 Appellees also assert that although the district court determined liability for the purpose of awarding equitable relief, the court intended for the jury to make its own independent determination of liability before assessing damages. This is a rather loose reading of the district court's specific statement in its opinion that "the issue of damages" would be determined by a jury. We have drawn from this the natural inference that the jury would be informed that liability already had been determined. More importantly, it is irrelevant. Under the doctrine of "law of the case," a jury cannot re-examine findings made by a court. Thus, because the seventh amendment dictates that the jury determine liability in this case, it was error for the court to assess liability, thus foreclosing the possibility of a subsequent jury determination on the issue
 
 
 [2]
 Professors Wright and Miller observe, "If the denial [of jury trial] is found to have been erroneous this will require a new trial except in the rare instances in which denial of a jury was demonstrably harmless error." 9 Federal Practice and Procedure Sec. 2322, pp. 105-106 (1971). In this case the financial status of the Municipality, the validity of its claim that the employee severance plan was a necessary adjustment to the now applicable federal minimum wage law, and the presence or absence of subsequent overstaffing were among the issues requiring jury determination. Given the number of contested factual issues here, the denial of a jury trial was not harmless