906 F.2d 783
 285 U.S.App.D.C. 89
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Clark W. BOYD, et al., Appellants,
v.
T.R. COLEMAN, et al., Appellees.
and consolidated case No. 89-7210.
 Nos. 89-7209, 89-7210.
 United States Court of Appeals, District of Columbia Circuit.
 June 27, 1990.
 
 Before RUTH BADER GINSBURG, SILBERMAN and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. The court has reviewed the issues fully and is satisfied that appropriate disposition of the appeals occasions no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is therefore
 
 
 2
 ORDERED and ADJUDGED that the judgments from which these appeals have been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 This is an appeal from final orders entering judgment in the defendants' favor on all counts of the plaintiffs' complaints. The district court thoroughly detailed the backgrounds of these consolidated cases and we see no reason to rehash its synopsis. See Boyd v. Coleman, No. 88-1331-OG, slip op. at 1-10 (D.D.C. June 9, 1989); Boyd v. Coleman, No. 88-1331-OG, slip op. at 1-16 (D.D.C. July 31, 1989). We briefly address here two questions of law: first, whether the entry of summary judgment against the plaintiffs comported with the seventh amendment's guarantee of a jury trial, and second, whether the defendants' drug testing program comports with the fourth amendment's proscription of unreasonable searches and seizures.[1]
 
 
 5
 With respect to the plaintiffs' seventh amendment claim, we assume, without so holding, that by conducting what it termed a "trial" on the "threshold issue" of the program's reliability, Boyd v. Coleman, No. 88-1331-OG, slip op. at 6 (D.D.C. July 11, 1989), the district court denied the plaintiffs their constitutional rights.[2] See Perez-Serrano v. DeLeon-Velez, 868 F.2d 30, 32-33 (1st Cir.1989) (party seeking damages under 42 U.S.C. Sec. 1983 has seventh amendment right to have jury serve as finder of fact); Keller v. Prince George's County, 827 F.2d 952, 954 (4th Cir.1987) (same); Smith v. City of Chicago, 820 F.2d 916, 918 (7th Cir.1987) (same). The denial of seventh amendment rights is harmless error, however, if the district court, after conducting a jury trial, would have directed a verdict in the defendants' favor--if, in other words, a finder of fact could have reached only one reasonable conclusion under the law. E.g., Bowles v. U.S. Army Corps of Engineers, 841 F.2d 112, 117 (5th Cir.), cert. denied, 109 S.Ct. 33 (1988); accord Keller v. Prince George's County, 827 F.2d at 955; King v. University of Minnesota, 774 F.2d 224, 229 (8th Cir.1985), cert. denied, 475 U.S. 1095 (1986). The plaintiffs asserted in their briefs and confirmed at oral argument that they accepted the district court's findings of fact, see, e.g., Reply Brief of Appellants at 4, thereby conceding, in effect, that a jury would be superfluous and a remand academic. Even if the district court erred, therefore, we hold that its error was harmless.
 
 
 6
 Turning to the plaintiffs' fourth amendment claim, the prime issue in this appeal, we conclude that the defendants' drug testing program does, as a matter of law, comport with the Constitution.[3] The fourth amendment bans only unreasonable searches and seizures. The extent of the protections that the Constitution confers--probable cause, particularized suspicion, or less--depends on a " 'balancing [of the search's] intrusion on the individual's fourth amendment interests against its promotion of legitimate governmental interests.' " Skinner v. Railway Labor Executives' Ass'n, 109 S.Ct. 1402, 1414 (1989) (quoting Delaware v. Prouse, 440 U.S. 648, 654 (1979)). Because a program with undependable tests or inadequate chain of custody procedures might undermine the government's goals, it could lessen the weight accorded the government's interest in the fourth amendment scales. See Skinner, 109 S.Ct. at 1421 n. 10 ("[A] test[] might be quite unreliable, and thus unreasonable.").[4] The gravamen of the plaintiffs' argument here is that the defendants' program is not a "sufficiently productive mechanism to justify [its] intrusion upon fourth amendment interests." National Treasury Employees Union v. Von Raab, 109 S.Ct. 1384, 1395 (1989) (quoting Prouse, 440 U.S. at 659).
 
 
 7
 We disagree. It is true that the defendants could have taken extra precautions or instituted extra safeguards. As the district court correctly noted, however, "the fourth amendment entitles plaintiffs to a fair drug testing program, but ... not ... a perfect one." Boyd v. Coleman, No. 88-1331-OG, slip op. at 28 (D.D.C. July 31, 1989). The district court carefully canvassed the defendants' program as planned and as actually conducted. We have done the same, and we conclude that the level of the program's reliability does not change the result here of the fourth amendment calculus. The defendants' program is constitutional.
 
 
 
 [1]
 The plaintiffs also appeal several of the district court's rulings on discovery and on the admission of evidence. We have considered those challenges and find them meritless
 
 
 [2]
 That the assumption is correct is not so obvious. Although a district court may not itself find facts by conducting a "trial" in a civil rights action for damages, courts may, at least in some circuits, conduct a "hearing" on a motion for summary judgment to determine whether there exist any facts to be found. See Argus Inc. v. Eastman Kodak Co., 612 F.Supp. 904, 908 & n. 2 (S.D.N.Y.1985) (citing cases), aff'd, 801 F.2d 38 (2d Cir.1986), cert. denied, 479 U.S. 1088 (1987); cf. Stewart v. RCA Corp., 790 F.2d 624, 627-29 (7th Cir.1986) (accepting practice but cautioning district courts to engage in it sparingly)
 
 
 [3]
 The fourth amendment status of the defendants' program is a question of law. We therefore review it de novo
 
 
 [4]
 This interpretation of the Supreme Court's footnote accords with our views ante Skinner. See Berry v. District of Columbia, 833 F.2d 1031, 1033 n. 13 (D.C.Cir.1988); see also Von Raab, 109 S.Ct. at 1394-96